GOODRICH *against* WARNER.

In an action for a malicious prosecution, the evidence introduced on the trial of that prosecution, is admissible, for the purpose of shewing reasonable and probable cause. And such evidence may be proved, by any competent witness.

If evidence touching the present defendant's character, constituted part of the evidence given on the prosecution, such evidence also is admissible.

But on the trial of the action for a malicious prosecution, evidence of the defendant's character for truth, at that time, or when the former trial was had, is not admissible, before the defendant has testified ; and then only for the purpose of testing his credibility.

Where the defendant, on the trial of the action for a malicious prosecution, offered testimony to shew, that in relation to the prosecution complained of, he said, when called upon to give his deposition, he was reluctant to prosecute the plaintiff, because he feared him;—that the plaintiff had struck him, and he did not wish to incur his additional displeasure, by a prosecution ; it was held, that such testimony was admissible, as part of the *res gestæ,* and material on the questions of malice and probable cause.

Where it appeared, in an action for a malicious prosecution, that the plaintiff had been tried for the offence charged, before a justice of the peace, and found *guilty,* whereupon he appealed to the county court, and was there tried and acquitted ; it was held, 1. that had there been no appeal from the first judgment, it would have been conclusive evidence of probable cause ; 2. that as the result was, the conviction was not conclusive evidence of probable cause, but if the trial was fair and full, it was entitled to great consideration.

Where the plaintiff claimed, that the defendant, for the purpose of getting up the prosecution complained of, procured a complaint to be drawn and laid before the grand-juror, which the defendant did with malice ; and the prosecution was without reasonable or probable cause ; it was held, 1. that if these facts were made out, the defendant was liable, although the prosecution was afterwards carried on, by the grand-juror ; but 2. if, on the contrary, as the defendant claimed, he, knowing the facts, and having good cause for believing the plaintiff's guilt, only went to the grand-juror, and fairly and honestly, and without any sinister motive, laid before him the facts, with the grounds of his belief, and then left him to decide for himself according to his judgment, as to what was proper to be done, and the defendant had no particular connexion with the prosecution, more than any other citizen, except that having more knowledge and proof, he was called, by the grand-juror, to testify, he was not liable.

In an action of slander, alleging, that the words complained of were spoken in the presence of *B*, it was held, that it was sufficient to prove the substance of the words alleged, and the sense in which they were spoken, without proving that they were spoken in the presence of *B*.

Tшıs was an action on the case. The declaration contained several counts.

In the first, it was alleged, that the defendant maliciously, and without reasonable or probable cause, charged the plaintiff with having feloniously set fire to, and destroyed his dwelling-house, and caused him to be arrested and carried before a magistrate for examination and trial, who, after due enquiry, adjudged, that there was no sufficient cause for holding him for further trial, and ordered him to be set at large.

In the second count, it was alleged, that the defendant maliciously, and without probable cause, charged the plaintiff with having committed an assault and battery upon him ;

caused him to be arrested and carried before a magistrate; and there to become bound, with surety, for his appearance before the county court, where, upon trial before a jury, he was acquitted of the charge.

The other counts were for words spoken, imputing to the plaintiff the crime of theft.

In the fourth count, the words were alleged to have been spoken in the presence of *Leonard Belden*, and divers other good citizens.

Upon the trial of the cause, on the general issue, before the superior court, for the county of *Hartford*, at the *January* term, 1852, the plaintiff called *Horatio Gridley*, Esq., the justice, before whom the plaintiff was carried, in the two cases referred to in the declaration, who stated, that the defendant, on the trial of those cases, testified, that he made complaint to the grand-juror, in both cases, and the plaintiff made no further enquiries of the witness. The defendant then requested the witness to state all the testimony given by him on those trials. To this evidence the plaintiff objected, as he had called the witness simply to prove, that the defendant made the complaints; and if the testimony given by the defendant was admissible, it must come from the defendant himself, as he was then in court, and was a competent witness. But the court admitted the evidence.

The witness was also permitted to state the testimony, given on those trials, by one *Franklin Graham*, a witness, called on the part of the state, notwithstanding the plaintiff's objection, that the evidence would be irrelevant and mere hearsay; and because *Graham* was then in court, and might be called to prove the testimony given by him, if admissible.

The plaintiff, before the defendant had been called as a witness, offered *William Bradford*, as a witness, to testify what the character of the defendant for truth then was; and also what it was at the time of said trials. The court, upon objection made by the defendant, excluded the testimony.

The defendant offered said *Gridley*, as a witness, to prove, that on said trials, the plaintiff made an unsuccessful attempt to impeach his character for truth. To the admission of this evidence the plaintiff objected; but the court admitted it; and the witness stated the testimony given on those trials, in favour of, and against, the defendant's character.

*Hartford,*
June, 1852.

Goodrich
*v.*
Warner.

It appeared, upon the trial, that the defendant's unoccupied dwelling-house had been burnt, in the night season ; that one *McGowan*, being suspected of the offence, was arrested and committed to jail ; that while there, he stated to *Nathaniel H Morgan*, the jailer, that he did not himself fire the house; that it was done by the plaintiff and one *Cole;* and that he was near by, and saw the act done.　This information was communicated to the attorney for the state, who immediately sent to the defendant living in *Berlin,* suggesting to him the propriety of his coming to *Hartford,* to look into the matter.　He further advised, that *McGowan* should make *affidavit* of the facts ; and that, before doing it, he should consult *Henry Deming*, Esq., his counsel, that he might not hastily commit himself.　This was done, and the *affidavit* made, in the presence of said *Deming* and *Morgan.* The defendant, for the purpose of shewing that he did not originate the prosecution for arson, but was in fact opposed to it, enquired of *Deming,* whether he urged the taking of the *affidavit.*　To which said *Deming* answered, that the defendant was reluctant to prosecute the plaintiff, because he feared him ; that the plaintiff had struck him ; and he did not wish to incur his additional displeasure, by a prosecution. To the admission of this answer, the plaintiff objected, on the ground that it was spoken to a third person, and not in the presence of the plaintiff.　But the court admitted it, for the purpose of shewing the conduct and motives of the defendant, and not as proving any facts therein stated against the plaintiff.

It appeared in evidence, and was admitted, that on the trial before the magistrate for the assault and battery, the plaintiff was found *guilty* of the offence ; that he appealed to the county court, and was there *acquitted,* by the verdict of a jury and the judgment of the court.　It was claimed, by the defendant, that such conviction was conclusive evidence of probable cause; and by the plaintiff, that it was only *prima facie* evidence.　The court instructed the jury, that the conviction was not conclusive evidence of probable cause, but if the trial was fair and full, it was entitled to great consideration.

The plaintiff introduced evidence to prove the utterance of the words as set forth in the fourth count.　The defend-

ant claimed, that he had not proved, that they were spoken in the presence of *Bacon*, as alleged, and therefore, his evidence did not support that count.    But the court informed the jury, that the plaintiff need only prove the substance of the words stated, and the sense in which they were spoken.

The plaintiff offered evidence to prove, that the defendant, for the purpose of getting up said prosecution, procured the complaints mentioned in the declaration to be drawn, and laid before the grand-jurors for signature ; and that, if he had done so with malice, and the prosecutions were without reasonable or probable cause, the defendant was liable, although the prosecutions were afterwards carried on by the grand-jurors.    The court charged the jury, that if these facts were made out, the defendant was liable.    But if, on the contrary, as he claimed, he, knowing that the plaintiff had assaulted and beaten him, not in self-defence, and having good cause for believing that the plaintiff had fired his dwelling-house, only went to the grand-jurors, and fairly and honestly, and without any sinister motives, laid before them the grounds of his knowledge and belief, and then left them to decide for themselves, according to their judgment, as to what was proper to be done ; and he had no particular connexion with the prosecutions, more than any other citizen, except that having more knowledge and proof, he was called, by the grand-jurors, to testify according to his belief; he was not liable.

The jury having returned their verdict in favour of the defendant, the plaintiff moved for a new trial ; and the questions of law were reserved for the advice of this court.

*Welles* and *Fellowes*, in support of the motion contended, 1. That the court admitted improper evidence.

First, as to the evidence of *Horatio Gridley*, to shew what *Warner* testified on the trial for assault and battery.    This evidence was inadmissible.    The ground in other cases, upon which evidence of what the defendant testified in the criminal prosecution has been admitted, is, that he could not be a witness on the trial of an action for malicious prosecution.    1 *Greenl. Ev.* § 352. *p.* 398.    *Bul. N. P.* 15.    *Johnson* & ux. v. *Browning*, 6 *Mod.* 216.    *Burt* v. *Place*, 4 *Wend.* 591. 601.    But this principle has no application to

*Hartford,*
June, 1852

Goodrich
*v.*
Warner.

the present case; because, by the late statute of *Connecticut,* the defendant could be a witness. The admission of illegal evidence is ground of error, although it may not appear that in fact it had any influence. *Weed* v. *Bishop,* 7 *Conn. R.* 128.

The evidence of *H. Gridley* to prove what *Franklin R. Graham* testified on the trial for assault and battery, was also inadmissible; for *Graham* was present in court, and could have been introduced as a witness. This evidence does not conduce to shew the grounds on which *Warner* proceeded in the criminal prosecution. The facts themselves testified to by *Graham,* might conduce to shew this; but these facts could not be proved, by evidence that *Graham* testified to them, on the trial of the prosecution; they should have been proved, by *Graham* himself, just as they were proved there. 2 *Greenl. Ev.* § 457. *p.* 436, 7. *Burt* v. *Place,* 4 *Wend.* 591, 601. This evidence could not have been received for any other purpose, unless to shew that, although no assault was committed, as appeared by the acquittal, yet the circumstances were such as induced the defendant honestly to suppose an assault had been committed. *Warner* was the sole witness to prove the assault. The plaintiff, *Goodrich,* swore that he did not assault him; the facts, therefore, were all in *Warner's* knowledge; and the jury, in acquitting, found *Warner* swore falsely. He, therefore, could not have supposed the assault was made.

Secondly, as to the evidence of *Henry C. Deming, viz.,* that *Warner* said he was reluctant to prosecute *Goodrich,* because he feared him, and also that he had had a difficulty with him, and *Goodrich* had struck him, and he did not wish to incur his additional displeasure. Also, the evidence of *N. H. Morgan, viz.,* that he had got an impression from *Warner* that he was reluctant to prosecute, and said, that he had had difficulty with *Goodrich.* This evidence of *Deming* and *Morgan* was inadmissible, because it is evidence of the declarations of the defendant in his own favour, made in the absence of the plaintiff. *Watson* v. *Osborne,* 8 *Conn. R.* 363. *Enos* v. *Tuttle,* 3 *Conn. R.* 250. 2 *Cow. & Hill,* 156, 7. 585 to 606. 4 *Yerger,* 210.

2. That the court rejected proper evidence, *viz.,* that of *Wm. Bradford.* This evidence was admissible, because the

court had admitted evidence to shew what the defendant testified, on the trial of the criminal prosecutions. The plaintiff offered to prove, that when the defendant so testified, he was not worthy of credit; yet the court received evidence of the testimony of the defendant, and refused to receive evidence to impeach it.

3. That the charge of the court to the jury, was exceptionable.

First, the court charged the jury, that the conviction before said *Gridley*, was evidence of very strong weight and power, and entitled to very great consideration. That conviction, by the appeal to the county court and acquittal, had become dead, effete and inoperative. The proceedings in the county court were further proceedings in the cause, and the acquittal was the termination of the suit. 4 *Wend.* 598. 6 *C. & P.* 446. The language of the charge is vague and indefinite, presenting to the jury no rule for their government. The acquittal in the county court, is *prima facie* evidence of want of probable cause, and throws the *onus* on the defendant. 2 *Saund. Pl. & Ev.* 340, 1. 6 *Bing.* 187. 2 *B. & Ad.* 845.

Secondly, the court omitted to charge the jury in regard to the agency of *Warner* in the commencement of the prosecution, and his subsequent conduct and connexion with said prosecutions, but did charge the jury, that the question was, whether the defendant got up these complaints in any other light than as a citizen, &c.

Thirdly, the court omitted to charge the jury, as requested by the plaintiff, that the conviction of the plaintiff before the magistrate, if it was obtained by the false testimony of the defendant, and was set aside on appeal, furnished no evidence of probable cause. 2 *Shep.* 362. 9 *Shep.* 212. 4 *Wend.* 598, 9.—overruling the case of *Whiting* v. *Peckham*, 15 *Mass. R.* 243. *Bradley* v. *Bradley*, 2 *Fairf.* 367. *Woodruff* v. *Woodruff*, Id. 475.

Fourthly, the court omitted to charge the jury, as requested by the plaintiff, that if the plaintiff had proved express malice, and that the defendant knew all the facts connected with said prosecutions, slight evidence of the want of probable cause, was sufficient, in this action. 2 *Phil. Ev. p.* 256. 2 *Greenl. Ev.* § 455. *p.* 434. *Nicholson* v. *Cashill*, 4 *B. & C.*

*Hartford,*
June, 1852.

Goodrich
*v.*
Warner.

21. (20 *E. C. L.* 269.) *Bull. N. P.* 12. When the facts are in the knowledge of the defendant himself, he must shew a probable cause. *Bul. N. P.* 14. 14 *M. & W.* 131. The question of probable cause, applies to the nature of the suit, and the defendant's knowledge and belief, &c. *Wills* v. *Noyes,* 12 *Pick.* 324. 326.

Fifthly, the court omitted to charge the jury, as requested by the plaintiff, that if the words alleged to have been uttered in the presence of *Leonard Belden* and other good citizens, were proved to have been uttered in the presence of other persons, it was enough; and that it was not necessary to prove, that the words were uttered in the presence of said *Belden.* 2 *Phil. Ev. p.* 236.

*T. C. Perkins,* (with whom was *Cornwall,*) contra, insisted, 1. That the testimony of *H. Gridley* was admissible. The plaintiff having enquired for a part of the evidence, on the former trial, the defendant was entitled to the whole. Either party is entitled to give in evidence *all* the former proceeding. And if the testimony is admissible at all, the magistrate who took the minutes, is the preferable witness. The defendant might have good ground for belief, but not be able to induce the witnesses to *speak out,* until sworn.

The whole testimony, as given before the magistrate, shewed probable cause. 2 *Phil. Ev.* 115.

2. That the testimony regarding the defendant's character for truth, was properly excluded. So far as it related to the other case, it was irrelevant. As to this case, it was inadmissible, as the defendant had not testified.

3. That the testimony of *Deming* and *Morgan,* was properly received. The whole transaction, when they were present, was clearly admissible, as shewing probable cause. The conduct of the defendant—what he then said and did about the prosecution—was admissible, as part of the *res gestæ.* Declarations, accompanied by acts, are, in many cases, admissible, as shewing the state of body or mind of the party, as in cases of fraud, surety, sickness, &c.

4. That the charge was unexceptionable, as to the effect of the conviction before the justice; at any rate, the plaintiff has no reason to complain of it. It has been held, by respectable authorities, that a conviction, even though ap-

*Hartford,*
*June, 1852.*

Goodrich
*v.*
Warner.

pealed from and annulled, is *conclusive* evidence of probable cause. *Whitney* v. *Peckham*, 15 *Mass. R.* 243. But that it was, in the language of the court, " entitled to great consideration," there can be no doubt. Aside from the appeal and eventual acquittal, in this case, the conviction would, unquestionably, be *conclusive* evidence of probable cause. *Mellor* v. *Baddely* & al. 6 *Car. & Pa.* 374. (25 *E. C. L.* 374.) *Smith* v. *Macdonald*, 3 *Esp. R.* 7.

5. That the charge was sufficiently explicit as to the utterance of the words in the presence of *Belden.*

6. That as to laying the matter before the grand-juror, the charge was substantially as the plaintiff claimed.

WAITE, J. Several questions are presented for our consideration, by the motion, in the present case. The principal and most important one, is, whether the evidence given upon the trials of the two criminal prosecutions against the plaintiff, was admissible, for the purpose of shewing reasonable and probable cause for these prosecutions. And we are all of opinion that it was. A different opinion, however, seems to have been entertained, by the supreme court of the state of *New-York. Burt* v. *Price*, 4 *Wend.* 591. And it has been supposed, that the evidence of the defendant alone, was admissible, because he could not be a witness in the action against him for the malicious prosecution. That reason, however, would not at present exist in this state, since, by a recent statute, parties in civil suits are made competent witnesses.

But the weight of authorities is entirely the other way, and, as we think, with great propriety. The question in issue was not solely, whether the plaintiff was in fact guilty of the crimes charged against him, but whether there existed, at the time, probable cause for the making of those charges. In order to determine that question, it would seem to be reasonable and proper to look at the evidence, as it then existed. It might be such as to leave no reasonable doubt upon any honest mind of the plaintiff's guilt, and yet evidence might be subsequently discovered, which would entirely establish his innocence. Such cases often occur.

The evidence given in a criminal proceeding might not, in all cases, be conclusive evidence of probable cause, because

the party instituting the prosecution, might know, that the evidence was untrue, or that other evidence existed which would give an entirely different aspect to the case. But still, such evidence, in our opinion, is clearly admissible, as conducing to prove the issue, and may be received in connexion with the other evidence in the case. *James* v. *Phelps*, 11 *Adol. & Ellis*, 483. (39 *E. C. L.* 150.) *Delegal* v. *Higley*, 3 *Bing. N. C.* 950. (32 *E. C. L.* 398.)

*Hartford*, June, 1852.

Goodrich
*v.*
Warner.

We have not been referred to any case, in this state or in *England*, where this precise question has been made and decided. But from what is said, by some of the elementary writers, and in some of the cases, we are led to infer, that such is the *English* practice.

Thus, it is said in *Buller's Nisi Prius*, " that the plaintiff must produce and prove a copy of the acquittal on record, and the substance of the evidence given on the indictment, is material." *P.* 13. And again, it is advisable for the defendant to give proof of probable cause, if he be capable of doing it ; " and for this purpose, proof of the evidence given by the defendant on the indictment, is good." *P.* 14.

And in *Biggs* v. *Clay*, which was an action for maliciously causing the plaintiff to be arrested on a charge of felony, and carried before magistrates, who, after hearing the statements and evidence of the parties, discharged him, no evidence of what occurred before the magistrates was given. The defendant's counsel contended, that it was incumbent on the plaintiff to prove *all* that occurred before the magistrates ; but the court held it° to be unnecessary. 3 *Nev. & Man.* 464. (28 *E. C. L.* 407.)

It would seem from a brief report of this case, that it was optional with the plaintiff to introduce that evidence or not, at his election. He might do so, but was not bound to do it. If the plaintiff might prove the proceedings before the magistrate, to show a want of probable cause, the defendant, on his part, might do the same, to shew that such cause in fact existed.

If the evidence was admissible, then it may be proved, by any competent witnesses. The party offering it, would naturally call upon those whose attention was called to it, at the time, and who would be best able to detail it. In this

*Hartford,*
June, 1852.

Goodrich
*v.*
Warner.

case, the magistrate before whom the trials were had, was called. It was his particular duty to attend to the evidence, to weigh and consider it, and determine whether it was sufficient to justify a conviction, in the one case, and a binding over, in the other. Such a witness would be more likely to remember what was said than a mere spectator. And we see no necessity for calling the witnesses, who gave the evidence on the former trials. They would indeed be competent witnesses ; and so would any other persons who heard and remembered what they said.

But these questions have recently been considered, by the supreme court of *Massachusetts;* and that court held, that the evidence given on the criminal trial, was admissible in the action for a malicious prosecution, for the purpose of determining whether there was probable cause for the prosecution ; that it might be proved, by any witness who could testify to it ; that the magistrate, before whom the criminal trial was had, as well as the witnesses who gave the testimony, was a competent witness ; and that there was no necessity for calling those witnesses. *Bacon* v. *Towne* & al. 4 *Cush. R.* 217.

And this disposes of another question, whether the evidence given on the criminal prosecutions relative to the defendant's character, was admissible, in the court below. For if the whole evidence could be received, then the evidence relating to the defendant's character, was admissible as constituting a part.

But this question is materially different from another made by the plaintiff, whether testimony could be received to shew what, in fact, was the defendant's character, both at the time of the criminal trials, and also at the time of the trial in the court below. Evidence to this effect was offered before the defendant was called as a witness.

But in neither case, was his character in issue, except for the purpose of determining the degree of credit to be given to him as a witness. He was subsequently called as a witness, in the court below ; and then the evidence as to his character would have been admissible, and not previous to that time.

For the purpose of shewing the manner in which the pros-

*Hartford,*
June, 1852.

Goodrich
*v.*
Warner.

ecution against the plaintiff for burning the defendant's barn, originated, and the part taken by the defendant, the evidence was introduced relative to the disclosure made by *McGowan,* the communication made by the state's attorney, and the taking of the *affidavit.   Deming* was asked, whether the defendant urged the taking of the deposition ; and he answered, that the defendant said, he was reluctant to prosecute the plaintiff, because he feared him ; that the plaintiff had struck him, and he did not wish to incur his additional displeasure, by a prosecution.

It is obvious, that such a disclosure, supported by *affidavit,* in the absence of any circumstances awakening suspicion as to the truth of it, would naturally lead to a prosecution of the plaintiff; and evidence of these facts became material, both in respect to the questions of malice and probable cause. And the declarations made by the defendant, at the time, may fairly be considered as a part of the *res gestœ,* as tending to shew his motives, in taking the *affidavit*—that he was influenced rather by the advice of others, than governed by his own feelings towards the plaintiff.

As to the effect of the conviction of the plaintiff before the magistrate, upon the charge for an assault and battery, we think, the subject was properly submitted to the jury.   Had the plaintiff taken no appeal from that judgment, it would have been conclusive evidence of probable cause.   *Mellor* v. *Baddely,* 6 *Car. & Payne,* 374.   (25 *E. C. L.* 444.)   But if, upon a full and fair trial, the evidence against the plaintiff was sufficient to satisfy the court of his guilt, that circumstance will afford strong presumptive evidence of probable cause, existing at that time, although, upon a subsequent trial, and perhaps upon other and further testimony, a jury might be of opinion, that it was not sufficient to justify a conviction.

In the charge of the court to the jury, we discover nothing erroneous.   So far as the plaintiff requested the court to instruct the jury, the instruction was given in conformity with that request.   What was further said, we consider unobjectionable.

And in respect to the count for slander, it was not necessary to prove the words to have been spoken in the presence

of *Belden.* It is sufficient to prove, that they were publicly uttered.

We therefore do not advise a new trial.

In this opinion the other judges concurred.

New trial denied.