JOHN WELCH *vs.* BOSTON & PROVIDENCE RAILROAD CORPO-
RATION.

In an action for malicious prosecution brought by A. against B.:

*Held*, that a judicial finding in the former action in favor of B. and against A. by the court
of original jurisdiction is conclusive of probable cause, when such finding is not procured
by unfair means, even if such finding is reversed on appeal.

TRESPASS ON THE CASE for malicious prosecution.   On de-
murrer to the declaration.

*December* 31, 1884.   CARPENTER, J.   This is case for mali-
cious prosecution founded on three actions brought by the Boston
& Providence Railroad Corporation against John Welch, in the
Justice Court of the city of Providence.   The declaration sets
out these actions, and in each of them states that " upon trial of
said action " the Justice Court gave judgment in favor of the rail-
road corporation and against Welch.   As to two of these actions,
the declaration does not charge that the judgment of the Justice
Court has ever been reversed.   As to the third, the declaration
charges a reversal on appeal.   The railroad corporation has de-
murred to the declaration, and argues that the conviction of Welch
in the court of first instance is conclusive evidence of probable
cause for the actions brought against him.   We think the demur-
rer must be sustained.

It was early decided in *Reynolds* v. *Kennedy*, 1 Wils. 232, that
the finding against the plaintiff by the tribunal before which the
complaint was made is conclusive evidence that there was proba-
ble cause for the complaint, even although that finding was after-
wards reversed on appeal.   This case is cited with apparent ap-
proval by Lord Mansfield and Lord Loughborough in *Johnstone*
v. *Sutton*, 1 Term Rep. 510.   The same doctrine has been applied
in numerous cases in this country.   *Whitney* v. *Peckham*, 15
Mass. 243; *Cloon* v. *Gerry*, 13 Gray, 201; *Palmer* v. *Avery*, 41

Barb. S. C. 290 ; *Spring* v. *Besore*, 12 B. Mon. 551 ; *Griffis* v. *Sellars*, 4 Dev. & Batt. 176.

In *Burt* v. *Place*, 4 Wend. 591, the court carefully examine and expound the doctrine of *Reynolds* v. *Kennedy*, and sustain the declaration on the clear ground that it goes beyond the declaration in that case, inasmuch as it alleges that the defendant, well knowing that the plaintiff had a good defence, prevented the plaintiff from procuring the necessary evidence to make out that defence by causing him to be detained a prisoner until the judgments were obtained, and that the imprisonment was for the purpose of preventing a defence to the actions. In this case, however, there is no allegation that the judgments of the Justice Court were obtained by any unfair means practised on the part of the defendant. We think the true rule is, that a judicial finding by the court of original jurisdiction, not alleged to have been procured by unfair means, must be held to be conclusive on the question of probable cause.

There are, indeed, cases which hold to the contrary, but they are few in number, and do not seem to us to be otherwise sufficient to control the general current of the authorities. *Goodrich* v. *Warner*, 21 Conn. 432 ; *Mayer* v. *Walter*, 64 Pa. St. 283. It is to be noted that in Virginia the court were divided in opinion on this question. *Womack* v. *Circle*, 29 Gratt. 192.

In this view of the case, we must say that the declaration conclusively shows that there was probable cause for bringing each one of the three suits. The action therefore cannot be maintained. Proof of malice will not sustain the action if it appears that there was probable cause for the prosecution. *King* v. *Colvin*, 11 R. I. 582.                                    *Demurrer sustained.*

*Page & Owen* and *Amasa M. Eaton*, for plaintiff.
*Arnold Green*, for defendant.