[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ARTICULATION AND MOTION TOREARGUE
In this case a revised complaint has been filed against Derby Savings Bank. It lies in false imprisonment (First Count), negligence (Second Count), and slander (Third Count). The defendant has filed a motion to strike the negligence count. The court granted the motion to strike and counsel for the plaintiff has filed a motion for articulation and for reargument. Counsel is entitled to a fuller explanation of the court's position. Keeping in mind the court's obligation to give that reading to the pleadings most favorable to the nonmoving party on a motion to strike, Amodio v. Cunningham, 180 Conn. 80, 82 (1980), the court will set forth the allegations of the negligence count. That count basically asserts that with the intent that the plaintiff be arrested for a robbery that had just occurred at the bank, employees of the defendant bank contacted the police and gave them a description of the perpetrator. The revised complaint is replete with allegations that this information was given with the specific purpose and intent that the police arrest the individual so identified. The plaintiff was then arrested based on the identification and subjected to the fear, embarrassment and confinement that accompanies such an event. It was later determined that the plaintiff was not the person who robbed the bank. The negligence count then claims the misidentification of the plaintiff was due to the negligence of the bank — it failed to properly train its employees, install proper security CT Page 13825 devices, staffed its bank with unqualified people, failed to train its employees to enable them to make accurate identifications, and failed to corroborate and verify the identification of the plaintiff, and it is further claimed bank employees panicked and therefore disseminated incorrect information about the perpetrator of the robbery.
When a person gives an identification to the police after a serious crime, it is of course true that he or she expects the police will try to do their job and hopefully will arrest the person who it is believed did the crime. Thus, the allegations of intentional activity by the bank employees referred to in the complaint add nothing to the solution of the problem as to whether a simple negligence count will lie — it is clear that the basis of the allegations in the second count lie in negligence. In its decision granting the motion to strike, the court relied on what it thought and still believes is the excellent discussion by Judge Satter in LaFontaine v. Family Drug Store,Inc., 33 Conn. Sup. 60 (1976). The court there said on a factual pattern similar to the one here where the wrongly arrested plaintiff sued the citizen informer:
 The question before this court is whether on the facts in the present case there was a duty of reasonable care owed by the defendant to the plaintiff.
Id. p. 75.
The court said in effect a negligence action would lie and a duty to care could be found in basically only two situations where a citizen acts on or provides negligent information leading to someone's arrest:
(A) there is duty where a private citizen makes a private arrest. Judge Satter believed recovery could also be had in false imprisonment because there is less needed for such arrests and the law should discourage people from taking the law into their own hands. Prosser, Law of Torts, 4th Ed., § 17, p. 100.
(B) Judge Satter believes there may also be a duty on the part of a citizen to use due care to ascertain CT Page 13826 the true facts when the citizen "insists upon, demands or pressures the police to make an arrest." Id. p. 75. In such circumstances, "sincere belief" is necessary because the citizen takes a large and affirmative part in setting the apprehension process in motion. Also, Judge Satter noted that if malice was involved, that may create a duty because the whole basis of not allowing a negligence action against a private citizen in these circumstances is based on the notion that he or she is acting with honesty and sincerity which can be vitiated by malice as where the defendant is using police power for a purpose other than apprehending a criminal. Nothing in the plaintiff's pleading allows the court to find that the bank employees "insisted on" or "demanded" the plaintiff's arrest or in any way pressured the police to do what was in effect their job. There is no allegation that malice existed here in the sense used above. Where there is no private citizen arrest, where the citizen did not insist or demand the arrest that was made, Judge Satter concluded that for policy reasons a negligence action should not lie where the citizen informer gives the police information leading to an arrest where the citizen was negligent in gather that information.
As set forth in the Restatement on Torts at section 653, comment (g) and as noted in LaFontaine:
 Where a private person gives to a prosecuting officer information which he believes to be true, and the officer in the exercise of his (sic) uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable under the rule stated in this section even though the information proves to be false and his (sic) belief therein was one which a reasonable man (sic) would not entertain.
As noted in LaFontaine at p. 77, the reason for this "rule derives from sound public policy that the efficient enforcement of criminal law requires that a private person who renders aid to the police by giving honest, even if mistaken, information about a crime should be given effective protection." That is why the CT Page 13827 law says in a case like this the private citizen has no duty of reasonable care owed to the person informed on or that a privilege or immunity will lie to defeat a negligence claim made in such circumstances.
Any other rule would have undesirable consequences. Honest citizens would hesitate to cooperate with the police for fear that information they give leading to the arrest might be mistaken — this, in situations where, due to the shock and fear crime engenders, the chance for honest mistake is great. Also, citizen informers, to "protect" themselves, might feel compelled to make investigations and explorations on their own before contacting the police — a consequence that would often endanger the safety of these people or interfere with efficient police investigation.
The plaintiff strenuously argues that the court ignored the language in a Supreme Court case decided six years afterLaFontaine. That case is Green v. Donroe et al., 186 Conn. 265
(1982). In that case the court, at page 270, did say:
 Negligent conduct which results in a confinement of sufficient consequence to constitute the actual damage required to maintain a negligence action is a sufficient basis for imposing liability.
But that language is dicta. What was before the court was the propriety of the trial court's ruling that upon the evidence no action for false imprisonment lied. The court agreed and said that for a false imprisonment action the incorrect information leading to the injury must have been supplied intentionally, that is, with actual knowledge of the falsity, or with a reckless indifference to its existence. Id. pp. 268-269. That could not be found in Green so the court upheld the trial court's verdict for the defendant on the false imprisonment count. It is only then that the court made its above quoted remarks about a possible negligence action.
Although even the dicta of our highest court must be respectfully regarded, a trial court is not bound to follow dicta. This is especially so where, as here, the court relied for its observations on negligence on the case of Collins v. CityNational Bank Trust Co., 11 Conn. 167 (1944). In that case, as the court in LaFontaine notes, unlike the situation here or in CT Page 13828LaFontaine, there was no question that the bank owed a duty of care to the plaintiff. The plaintiff was a depositor in the defendant bank and by reason of that relationship the bank owed a duty to its depositor to use reasonable care to determine the status of the depositor's account. Therefore, the bank was properly held liable in negligence because the plaintiff had been arrested for obtaining money under false pretenses as a result of the bank erroneously refusing to honor his check. See33 Conn. Sup. at p. 74. Here, as in LaFontaine, for the reasons previously stated, no duty was owed by this private citizen informer to the plaintiff.
In fact, if the Green dicta were the law, we would have an unusual situation. We'd have a jurisdiction that says, for a variety of policy reasons, if you are wrongly arrested on honestly supplied but mistaken information from a citizen informant, you cannot sue that person for something called false imprisonment because there must be intentional providing to the police of information known to be false or reckless disregard of whether it was true or not. But not to worry, we'll forget all those policy reasons, call the claim a simple negligence action and allow you to sue the honest but mistaken citizen who felt he or she was performing a civic duty by calling the police. In any event, if precedent is really required, the old case of Goodrichv. Warner 21 Conn. 432 (1852) seems to support the court's position although it is somewhat difficult to decipher, see headnote, and also discussion at pages 436 and 443.
In any event, the court denies the motion for reargument — all of the points argued were brought out in the original brief filed by the plaintiff and at oral argument and the court by this opinion articulates its decision and reaffirms its prior ruling on the motion to strike.
Corradino, J.