BELKNAP, administrator of GLEASON, *against* GLEASON.

Statutes of limitation, being statutes of repose, suspend the remedy, but do not cancel the debt.

Though the statute of limitations is equally available, as a defence, at law and in equity ; yet where there are two securities for the same debt, one of which is barred by the statute, and the other not, the creditor, notwithstanding he has lost his remedy at law on the former, may pursue it in equity on the latter.

Where the security for a debt is a lien on property, personal or real, that lien is not impaired, in consequence of the debt's being barred, by the statute of limitations.

Therefore, where a debt due to *A* from *B*, was secured by a promissory note, made by *B*, in *April*, 1817, payable in five years, and by a mortgage of real estate, executed by *B*, at the same time ; the note was never in fact paid, and *B* had no property, except the estate mortgaged ; on a bill of foreclosure, brought by *A*, in *January*, 1835, it was held, that he was not barred of his right as mortgagee, and the relief sought was decreed.

In such case, the finding of a debt, due from *B* to *A*, as the basis of a decree of foreclosure, would not preclude *B* from availing himself of the statute of limitations, in a subsequent action on the note.

THIS was a bill in chancery for a foreclosure, brought in *January*, 1835.

The bill stated, that the defendant, on the 17th of *April*, 1817, gave sundry promissory notes to *Ruggles Gleason*, deceased, payable to him, or his order, one in two years, and the others in five years, and, at the same time, executed a mortgage of certain lands, to secure the payment of these notes ; that they had never been paid ; and that the mortgagor was dead.

The defendant denied the allegations of the bill generally, accompanied with a plea of payment and a plea of the statute of limitations.

The superior court, after finding the making of the notes and the execution of the mortgage, as alleged in the bill, found also, that more than six years had elapsed since the notes had become due ; that the mortgagor, at no time after the giving of the notes, had any property wherewith they could be paid or satisfied, except the lands mortgaged ; and that ever since the notes became due, the mortgage had been open to foreclosure. The superior court further found, that there was due upon the notes the sum of 1220 dollars, 58 cents, unless from the other facts found they are by law presumed to be paid and satisfied.

The case was then reserved for the advice of this court upon the question whether the plaintiff was entitled to any relief.

*Hungerford,* for the plaintiff, contended, 1. That this suit was not barred, by the statute of limitations regarding negotiable notes.

In the first place, it is to be observed, that when a party has several remedies, he is entitled to elect which of them he will pursue. 1 *Chitt. Gen. Pr.* 210, 213. *Lamb* v. *Clark,* 5 *Pick.* 193. *Miller* & al. v. *Miller,* 7 *Pick.* 133.

Secondly, the causes of action upon the notes and in this suit, are different. *Lamb* v. *Clark,* and *Miller* & al. v. *Miller,* above cited. *Drake* v. *Mitchel,* 3 *East* 257. *Ashley* v. *Hill,* 6 *Conn. Rep.* 246.

Thirdly, the statute is extended to suits in chancery, by analogy, in those cases only wherein the equitable title no otherwise differs from the legal title than as to the court in which the right is enforced. *Kane* v. *Bloodgood* & al. 7 *Johns. Ch. Rep.* 90. *Lansing* v. *Starr,* 6 *Johns. Ch. Rep.* 150. *Roosevelt* v. *Mark,* 6 *Johns. Ch. Rep.* 289. 1 *Chitt. Gen. Pr.* 776.

Fourthly, the statute only bars the remedy, and not the debt ; and although it may not be enforced, by a suit at law, the lien continues, and may be made available in a court of chancery. 1 *Chitt. Gen. Pr.* 764-6. *Higgins* v. *Scott,* 2 *Barn. & Adol.* 413. (22 *Serg. & Lowb.* 113.) *Spears* v. *Hartly,* 3 *Esp.* 81.

2. That if this suit is not barred, by the statute of limitations, no presumption of payment can be raised from the lapse of time. For this purpose a period of twenty years is necessary. Besides, in this case, the presumption is repelled, by the defendant's inability to pay.

*W. W. Ellsworth,* for the defendant, contended, 1. That the statute of limitations is applicable to this case, and is conclusive in equity. By this bill, the plaintiff asks the court to find and declare, first, that there is a debt ; and secondly, that the freehold interest of the defendant shall be taken from him. The estate belongs to the defendant : it is certainly so regarded in equity, except as to the mere legal title, which, in some states, falls with the debt, and is here a mere lien or right of

*Hartford,*
*June, 1836.*

Belknap
*v.*
Gleason.

priority.   Hence, if the debt is here beyond the recognition and enforcement of the laws of the land, an attempt to enforce the lien will be unavailing.   But if it be otherwise, there is another difficulty not easily surmounted.   By the decree, a new debt is established, which lays the foundation of a recovery of the balance, at law, as well as in equity.   *Cowles* v. *Woodruff*, 8 *Conn. Rep.* 35.   The statute would thus be defeated, in a suit to recover the debt itself, and that alone.

But broader ground may be safely taken.   A court of equity will give as full effect to the statute of limitations as a court of law.   A mortgagor loses his right to redeem, by fifteen years adverse possession of his equitable right.   So a mortgagee loses his right in equity, in the same way.   A debt barred is not recognized as a *subsisting* debt, either at law or in equity.   *Alsop* v. *Nichols,* 9 *Conn. Rep.* 364. *Jackson* d. *Sackett* & al. v. *Sackett* & al. 7 *Wend.* 96.   Lord *Redesdale* says, " it is a mistake, in point of language, to say that courts of equity act merely *by analogy* to the statutes [of limitation;] they act *in obedience* to them."   *Hovenden* v. Lord *Amesbury,* 2 *Scho. & Lef.* 630. 631, 2. 636. *Kane* v. *Bloodgood* & al. 7 *Johns. Ch. Rep.* 90. 113. establishes the doctrine that the statute is to have the same effect in equity as at law.   See also 1 *Chitt. Gen. Pr.* 776.

2.   That sixteen years silence furnishes a presumption of payment, and supports the plea of payment.   7 *Wend.* 96.

WILLIAMS, Ch. J.   Two questions arise upon the facts in this case : Is the statute of limitations applicable to it ; and is there a legal presumption of payment ?

As to the first.   That no action at law will lie upon these notes, if the statute of limitations is pleaded, cannot be doubted. Nor can it be claimed, that this statute, *proprio vigore,* shall operate in a court of equity.   But it is claimed, that in analogy to the proceedings at law under that statute, a court of equity will apply it, when the claim comes before that court.

There is no doubt that courts of chancery will not lend their aid to claims which are barred in a court of law.   4 *Kent's Com.* 187. *Lansing* v. *Starr,* 2 *Johns. Ch. Rep.* 150. *Roosevelt* v. *Mark,* 6 *Johns. Ch. Rep.* 289. *Kane* v. *Bloodgood* & al. v. 7 *Johns. Ch. Rep.* 90.

But these cases do not prove, nor does the principle require,

*Hartford,*
*June,* 1836.

Belknap
*v.*
Gleason.

that when a creditor holds different instruments to secure the same debt, if the remedy upon one of them is barred at law, the remedy upon all is barred in equity ; the rule being analogous to the rule of law. The question would then seem to be, does the statute of limitations take away all remedy at law ? It is not uncommon that a party may have one remedy, when he has lost the benefit of another. Thus, it was formerly holden, that trover would lie for an article taken wrongfully, although the action of trespass was barred by the statute. *Ferriss* v. *Ferriss,* 1 *Root,* 465. So an action will lie upon an adjustment of accounts, although book debt is barred. *Ashley* v. *Hill,* 6 *Conn. Rep.* 246. So if a horse is taken under such circumstances that trespass will lie, it has been decided, that an action of *assumpsit* may be brought for the avails of the sale, although trespass was barred by the statute. *Lamb* v. *Clark,* 5 *Pick.* 193. Here the debt is secured by notes and a mortgage, each of which requires different remedies, all of which may be pursued at the same time. *Assumpsit* upon the notes must be brought within six years ; an action of ejectment for the land may be brought within fifteen years. In this state, where payment after the law day will not defeat an action of ejectment by the mortgagee, it will not be pretended, that that action would be defeated, by the statute of limitations affecting the note. What analogy requires a court of equity to say, that the remedy at law is gone, and therefore, there is none in chancery? One remedy is indeed gone, and one only. The mortgagee may get and hold possession of this land, by virtue of his legal rights. With what face could the debtor come here for relief? His case, if truly disclosed, would be this : " I owed this debt ; gave my notes for it ; and mortgaged my land to make it more secure. The creditor, by his kindness or his negligence, has suffered his notes to be barred, by the statute of limitations, and is attempting to collect his debt out of the only remaining security. I have not paid it ; but I pray this court, as a court of equity, since the creditor has lost one security, to prevent his making use of the other." The ready answer to this claim, is, that if the statute of limitations protects the debtor at law, he does not need the aid of a court of equity. If it does not, this court ought not, by analogy, to extend this statute to cases where courts of law are not required to do it.

In the high court of chancery in *Maryland,* it has been ex-

pressly decided, that not less than twenty years can operate as a bar of a mortgage or equitable lien, although the bond or note may be barred by twelve or three years.  *Lingan* v. *Henderson,* 1 *Bland's Rep.* 282.

Our statute of limitations operates upon negotiable notes in six years; upon notes not negotiable in seventeen years; upon entries on lands in fifteen years.  Now, if a note not negotiable is secured by real estate, and is suffered to lie, without payment of interest and without entry on the lands, for sixteen years, the benefit of the mortgage is lost; but the note remains a subsisting and available security.  Had the note been negotiable, and lain more than six years, but less than fifteen, the note would have been subject to the operation of the statute; but the creditor might get possession of the lands.  But the remedy now sought is neither a suit upon the notes, nor an action of ejectment for the lands; and of course, neither of the statutes barring those remedies, is strictly analogous.  The object sought by the foreclosure, is payment of the notes.  The means, however, by which it is sought, is through the medium of another security—that of the lands.  It is, therefore, much more analogous to the remedy by ejectment at law.  There the creditor, by the possession of the lands, procures payment of the debt.  Here, unless the debt is voluntarily paid by the debtor, the decree in effect gives him the land in satisfaction of the debt.  The operation of the decree upon the notes, is merely incidental; but upon the land, it is direct and operative.  It is true, that the mortgagee must also shew, that the notes are unpaid.  Whether he can do that, under the circumstances of this case, will form the next enquiry.

It is said, there is no debt subsisting; and that, of course, a court of chancery cannot act.  This presents the question, whether the statute of limitations annihilates the debt, or only suspends the remedy.

The statutes of limitations are statutes of repose.  They suspend the remedy, but do not cancel the debt.  *Lord* v. *Shaler,* 3 *Conn. Rep.* 121. 134.  They are statutes founded upon principles of policy: *" Interest reipublicæ ut finis litium."*  The debt remains, and a suit may be brought upon it, and supported by a subsequent promise.  It is said, that the statute relative to lands, not only prevents an entry, but confers a title.  Such has been the construction of our statutes; but as it respects per-

sonal actions, the construction has been uniform, that the debt is not affected. The words of the statute seem to justify, and indeed require such construction : "No action of account, of debt on book or on simple contract, &c. shall be brought, except, &c."

It has indeed been often remarked, by judges, in giving their opinions, that the statute was made to protect persons, who were supposed to have paid their debt, but had lost the evidence of it. *Mountstephen* & al. v. *Brooke* & al. 3 *Barn. & Ald.* 141. (5 *Serg. & Lowb.* 245.) Or that the debt shall be presumed to be paid. *Thornton* v. *Illingworth,* 2 *Barn. & Cres.* 824. (9 *Serg. & Lowb.* 257.) *Dowthwaite* v. *Tibbut* 5 *Mau. & Selw.* 75. *Thompson,* admr. v. *Peniman,* 8 *Mass. Rep.* 133. But that they do not mean by this, that at law the statute of limitations is sufficient evidence of payment, is apparent from the fact, that upon the plea of payment, the statute of limitations was never considered as sufficient evidence. And where twenty years have elapsed, it has been held, that payment of a bond might be presumed. *Oswald* & al. v. *Legh,* 1 *Term Rep.* 270. But no case is produced from the *English* books, where a shorter term has been held, of itself, sufficient. An authority from a neighbouring state, however, is brought to shew, that payment may be presumed after six years only, if the statute bar the claim at that time, in analogy to the presumption of payment of specialties after twenty years. The highly respected judge, who gives this opinion, acknowledges he knows no express adjudication for it ; and although he thinks it results from well established principles, yet in the close of his opinion, he says : "Perhaps, I have stated the case too strongly, that in a case like this, payment may be presumed from the mere fact that more than six years have elapsed ;" evidently doubting whether he had not gone too far. The case itself was an action of ejectment for land mortgaged ; and the notes having lain more than six years after they were due, no action could be sustained upon them, as in that state it has been held, that no action at law will lie for the land after payment. The judge at the circuit non-suited the plaintiff, upon the ground that he could not recover upon the notes. The court however held, that this opinion was incorrect ; that the time did not prove payment, but was only evidence of it, in connexion with other circumstances. *Jackson* d. *Sackett* & al. v. *Sackett & Ray-*

*mond*, 7 *Wend.* 94. If, therefore, the doctrine of that case was to be applied to the case before the court, it would only prove, that the length of time was evidence, strong presumptive evidence, that this debt was paid. But when we find no other fact to strengthen that presumption, and when we find that this mortgagor had no property, except this very land, to pay the debt, the inference we should feel bound to draw, would be, that the debt remained unpaid.

But is the principle of this case supported by authority ? In one case, Lord *Ellenborough* held, that he would extend the doctrine of presumptions applicable to bonds to promissory notes, that is, that payment should be presumed, not in six but in twenty years. *Duffield* v. *Creed*, 5 *Esp.* 52. In a more recent case, however, *Abbott*, Ch. J. held, that the case of a bond was distinguishable from promissory notes and bills of exchange, which were simple contract debts, and subject to the provisions of the statute of limitations, whereas the rule for presuming payment of a bond after twenty years, was founded upon the common law ; there being no statutory provision with respect to obligations of that nature ; and therefore, without some decisive authority upon the point, he would not charge the jury that there was such a presumption. *Du Belloix* v. Lord *Waterpark*, 1 *Dowl. & Ryl.* 16. (16 *Serg. & Lowb.* 12.)

Although the principles of presumption of payment, by the lapse of twenty years, has been long since settled in *England ;* and although courts of equity have adopted, many years since, the principles of the statutes of limitations, and applied them to cases before those courts ; (4 *Kent's Com.* 187.) yet it seems not settled, at the present time, whether this principle applies to mortgages ; whether a mortgage shall be presumed to be satisfied, by a possession of the mortgagor for twenty years, without payment of interest, demand or acknowledgment. This question was discussed, by the Master of the Rolls, in *Christophers* v. *Sparke*, 2 *Jac. & Walk.* 231. 234. He avoids deciding the point, but says, he cannot accede to the doctrine that no length of time will operate against a mortgagee, who has been out of possession, without claim or acknowledgment. If the doctrine of *Jackson* d. *Sackett* v. *Sackett & Raymond* was law in *England*, surely there could have been no reason for doubt in the case of *Christophers* v. *Sparke*. But it has been expressly decided, that the security of a lien was not impaired,

in consequence of the debt's being barred by the statute of limitations. Where a wharfinger claimed a lien upon goods in his possession for a balance of accounts, it was held, by Lord *Eldon,* that "if what was said by the defendant's counsel, be law, that the debt was discharged, by the operation of the statute, no lien could be obtained, by reason of it ; but the debt was not discharged ; it was the remedy only. I am," says he, "of opinion, that though the statute of limitations has run against a demand, if the creditor obtains possession of goods, on which he has a lien for a general balance, he may hold them for that demand, by virtue of the lien." *Spears* v. *Hartly,* 3 *Esp.* 81.

So in the case of *Higgins* v. *Scott,* 2 *Barn. & Adol.* 413. (22 *Serg. & Lowb.* 113.) where an attorney had a lien upon a judgment ; his debt being barred, by the statute of limitations, it was contended, that his lien was gone ; but the court held, that the statute of limitations barred the remedy, not the debt ; and that *Hyatt,* the attorney, who had taken no steps to recover his costs for six years, had still a right to be paid from the sale of the goods.

These are both cases of *personal* property. But surely there can be no reason applicable to personal estate, not equally applicable to real. The statute of limitations must have the same effect in one case, as in the other ; and the hold of the creditor, in both cases, must depend upon the existence of the debt. And surely, if there had been a different rule in courts of equity as to real estate, it would have been alluded, to in these cases.

The principles of these decisions are in entire accordance with the practice in this state, and the decisions of our courts, so far as they are known ; and we think they ought to be decisive of the case, unless another objection, which has been made, ought to prevail.

It is said, that the court must, if they pass a decree in this case, find, that there is a debt due to the plaintiff ; and that the fact thus found, will conclude the defendant, in another action at law, should there remain a balance, after the mortgaged estate is exhausted ; and thus the statute of limitations will in effect be nullified. This ground, however, is not tenable. The court must indeed find, that the debt is unpaid ; but still this does not settle the question at law, that it is not barred by the statute of limitations. According to the views before expressed, these are entirely distinct questions. The debt may not have

been paid ; but still the statute may have attached upon it, unless it has been waived, by the defendant. This finding, therefore, will be utterly immaterial, when the question is, whether the debt is barred by the statute of limitations.

Upon the whole, this court is satisfied, that the plaintiff is entitled to a decree, and so advise the superior court.

The other Judges concurred.

Decree for the plaintiff.