## MEREDITH BRIDGE SAVINGS BANK *v.* LADD.

The provision of the Revised Statutes that "actions upon notes secured by mortgage may be brought as long as the plaintiff is entitled to commence any action upon the mortgage," applies only to such persons as sign both the note and the mortgage given to secure it.

A defendant sued upon a note, who has given no mortgage to secure it, may avail himself of the statute of limitations as a bar to any action upon the note after six years, although some other signer of the same note may have executed a mortgage to secure the same; nor is it material whether the defendant be principal or surety upon the note, nor whether the mortgage were given by such other signer with the defendant's consent or by his procurement—still the terms of the defendant's contract are not changed, nor the extent of his liability on the note affected by any such mortgage.

THIS was an action of assumpsit upon the following promissory note:

"$1,000.                    HOLDERNESS, August 21, 1851.

For value received, we, the subscribers, jointly and severally promise to pay the Meredith Bridge Savings Bank, or order, one thousand dollars, at said bank, on demand, with interest after        days—the bank reserving to itself the right at any time of collecting this note, or of extending, by the reception of interest in advance, or otherwise, the payment of the whole or any part thereof, from time to time, as may be convenient or agreeble to the principal or either of the sureties.

> J. T. CHENEY,
> JESSE LADD,
> J. M. MERRILL,
> GEO. W. SMITH,
> G. W. MITCHELL,
> AARON M. GORDON,
> J. H. THOMPSON."

Upon this note were numerous indorsements. The writ was dated January 26, 1858. Plea, the general issue, with a brief statement of the statute of limitations. It was agreed that J. T. Cheney was the principal upon said note, and the other signers were sureties, and that, on the 6th day of September, 1851, Person Cheney, the father of J. T. Cheney, executed a mortgage in due form to the plaintiffs, of his homestead place, to secure said note, and said mortgage has never been in any way discharged. And it was agreed that if the court shall be of the opinion that the plaintiffs, without connecting the defendant with said mortgage, are entitled to recover, then judgment is to be rendered in favor of the plaintiffs for the amount due on said note. If the court shall be of the opinion that the plaintiffs are not entitled to recover without proof of the connection of the defendant with the mortgage,

Savings Bank *v.* Ladd.

but that they are entitled to recover upon proving that the defendant had knowledge of the execution of said mortgage, or assented to it, or procured it to be given, or signed said note upon condition that said mortgage should be given, then the action is to stand for trial by jury. If the court shall be of opinion that the action cannot be maintained upon the facts stated, or with the further facts which the plaintiffs reserve the right to prove by trial by jury, then judgment is to be rendered in favor of the defendant. In case the defendant shall desire to try the question of payment, or if the plaintiffs shall desire to try the question whether the defendant's right to rely upon the statute of limitations, as a defence, has been barred by part payment, then this case shall be discharged, and the action remain open for trial by jury at the election of either party; and the case was transferred.

*E. A. Hibbard,* for the plaintiffs, cited *Cross* v. *Gannett,* 39 N. H. 140.

*Kittredge & Bellows,* for the defendant, cited *Exeter Bank* v. *Sullivan,* 6 N. H. 124; *Whipple* v. *Stevens,* 22 N. H. 219.

SARGENT, J. It appears from the case that on the 21st day of August, 1851, J. T. Cheney, of Holderness, procured of the Meredith Bridge Savings Bank $1,000, giving a note in common form for the same, which he signed, and procured the defendant and five others to sign with him, who were in fact sureties for the said J. T. Cheney upon the note. On the 6th day of September, 1851, some sixteen days after the date of the note, a mortgage was given to the bank to secure this note, by one Person Cheney, the father of J. T. Cheney, which mortgage was upon said Person's homestead farm, and is still in force. This suit was not commenced until more than six years after the date of the note, and the defendant pleads the statute of limitations. The plaintiffs claim that this defendant

cannot avail himself of this defence, because the note is secured by mortgage, and relies upon section 6, chapter 181, of the Revised Statutes, which is, that "actions upon notes secured by mortgage may be brought as long as the plaintiff is entitled to commence any action upon the mortgage." The plaintiffs claim that this provision of the statute is to receive a strict and literal construction and application, and that all the signers to any note secured by a mortgage, whether principals or sureties, are liable to a suit upon the note, so long as the plaintiffs can maintain an action upon the mortgage, and that it is immaterial by whom this mortgage is given, whether by the principal or a surety, or by some third person, not a party to the note, and that it is alike immaterial whether those parties to the note who are not parties to the mortgage, procured the mortgage to be made, or gave their assent to it, or whether it was given without their consent and without their knowledge. But if this extreme view should not be taken by the court, then they claim that, where the defendant signed the note only upon condition that the principal should procure this mortgage to be made, or if the defendant himself procured it to be made, or assented to its being made, or knew of it, and did not object, then, at least, he must be holden upon the note as long as an action could be maintained upon the mortgage.

The defendant claims that no action can be maintained against any of the signers of the note after six years from its date, except against such as are parties to the mortgage; that the provision in our statute was not intended to apply to any one but the person or persons who gave the mortgage; and that, for all the signers of the note except such as have signed the mortgage given to secure it, the statute of limitations is a bar, as in other cases of actions upon notes not secured by mortgage; and that it makes no difference whether such signer of the note, who is not a party to the mortgage, procures the mortgage to

be given, or assented to it, or whether it was done without his assent or his knowledge; and that it is alike immaterial whether the mortgage be given by a signer of the note or by some person who is a stranger to the note; that no person who is not a party to the mortgage is to be affected by such mortgage.

We have looked in vain for authorities bearing directly upon this question; but, upon examination, we find this want of authority, at least out of our own State, easily accounted for, by the fact that neither in England nor in any of the United States, except New-Hampshire, is there any such provision in their statute of limitations as the one we are now considering in that of our own State.

Mr. Angell, in his work upon limitations (edition of 1846), adds an appendix, containing the English and the several American statutes of limitations, and embracing the (then) latest acts upon that subject, from which it appears that in no case, except in the statute of this State, was there any provision by which actions upon notes secured by mortgage shall not be barred by the statute of limitations, like actions upon notes in other cases. In other States it is held that the statute of limitations, when pleaded, is a bar to any action upon the note, but that the mortgagee may maintain his action upon the mortgage any time within twenty years, or such other time as the statute of each State provides for the bringing of real actions, &c. *Davis* v. *Maynard*, 9 Mass. 242; *Quantock* v. *England*, 5 Burr. 2628; *Baldwin* v. *Norton*, 2 Conn. 161; *Belknap* v. *Gleason*, 11 Conn. 160; *Spears v. Hartley*, 3 Esp. 81; *Reed* v. *Shepley*, 6 Vt. 602; *Heyer* v. *Pruyn*, 7 Paige Ch. 465; *Thayer* v. *Mann*, 19 Pick. 535; Ang. on Lim. 77, 78.

The plaintiffs' claim upon the mortgage in this case is good if the mortgage debt has never actually been paid, whether they can maintain this suit against the surety, Ladd, or a suit against any other signer of the note, or not;

for the condition of the mortgage is, that it shall be void only upon payment of the note secured by it. Now, a statute bar to an action upon a note is not equivalent to an actual payment of the debt or note secured by the mortgage. The debt remains, though the statute of limitations may discharge the remedy upon the note; *Thayer* v. *Mann, ante;* and in *Spears* v. *Hartley,* 3 Esp. 81, it was held by Lord *Eldon* that the debt was not discharged by the statute of limitations, but that it was the remedy only that was thus affected and barred.

To be sure, the lapse of time, in the absence of all other evidence, may raise a presumption of payment, but this presumption may be rebutted, and the question whether the note has been actually paid or not, is still open, though the statute of limitations may have effectually barred any action upon the note. And the question in this case is, shall the plaintiffs be compelled to look to their security upon the mortgage alone, in consequence of not having brought their action upon the note earlier, or are they entitled to their remedy, by our statute, upon both the note and the mortgage? We should naturally expect, after this lapse of time, to find some decision in our own State upon this question; but we find none, nor are we aware that any has been made. And as the decision of this question may be important in its effects upon other cases and other contracts, as well as the one now under consideration, it becomes material to give to our statute such a construction as it was designed and intended to receive by the legislature; and not only so, but one that shall result in imposing the least hardships upon any, and one that shall most successfully close the door against fraud, perjuries, oppressions, and all injustice. Section 6, chapter 181, of the Revised Statutes, under which the plaintiffs claim that they are entitled to maintain this suit, contains an exception to the broad doctrine embraced in the general provision of the statute of limitations, as contained in the

fourth section of the same chapter, which is, that "all other personal actions shall be brought within six years after the cause of action accrued, and not afterward." The design then was, that actions like this, upon promissory notes and other personal actions, should be barred in six years. That was to be the general rule, and that general principle is to apply in all cases not clearly included in some of the exceptions to that general rule. Now the exception in section 6 is general in its terms, and seems broad enough to cover this case, and all other actions upon notes where a mortgage has been given by any one to secure them. But was that the intention of the legislature? Did they intend that because some one, perhaps not a party to the note, as in this case, has given a mortgage to secure its payment, the plaintiff can maintain his action against any and all the signers to that note, so long as a suit may be brought upon the mortgage, without any condition or qualification, and can such action be maintained upon the note, after the expiration of six years, against all the signers of the note, and the statute of limitations be no bar, without any regard to their knowledge of the existence of such mortgage, and without regard to the time when such mortgage was executed? This provision of the statute cannot and should not receive any such construction. We cannot believe that the legislature intended that any such results should follow from this exception, which they made to the provisions of the general law in favor of notes secured by mortgage.

Take the case now before us. When this note was signed and delivered to the plaintiffs, an action upon it would have been barred by statute in six years. That was the measure of the defendant's liability; this the contract he entered into, to be liable upon the note for six years, unless it was sooner paid; after which the statute should be a bar, if he chose to interpose it as a defence. Now, can this defendant's liability be changed

and extended without any act of his, and without his knowledge, by the plaintiffs receiving of some one, not a party to the note, a mortgage to secure it? Can the terms of his contract, and the extent of his liability, be thus varied and extended without his consent and without his knowledge? And if these plaintiffs could thus take the mortgage with that effect, two weeks after the date of the note, he could do so as well two years or five years after its date; and, to give a literal construction to the words of the statute, it would be difficult to see why the plaintiffs could not take a mortgage of the principal upon the note, upon which were also numerous sureties, and not only hold the sureties in that way liable for twenty years; but supposing the money to have laid nearly twenty years upon this security, and the creditor, being willing that it should lay still longer at interest, the principal executes a new mortgage, to secure the same note, and thus extends his own liability twenty years longer upon the note, it might be difficult, also, to see why the sureties should not be bound by this second mortgage for the second term of twenty years, as well as by the first mortgage for the first twenty. If the statute is to be construed literally and without limitation, the sureties would be held liable in this way, so long as the creditor and the principal might see fit to make them; and that, too, perhaps, without the sureties having been consulted at all in relation to either mortgage, without their having consented to either, and without their knowledge of either. Such a construction, so liable to constitutional objections, and so unjust in its operations and effects, will not be contended for. Some limitation must, therefore, be fixed, and some construction be given to this provision of the statute.

There is no injustice done to any one in making the person who signs the mortgage liable upon the note as long as he chooses; and ordinarily the man giving the mortgage is the same who gives the note secured by it.

And did the framers of our statute, having stated the general principle that all actions upon promissory notes were to be barred in six years, and then stating this exception to that general rule in this general way, and without any qualification—when, as we have seen, some qualification must have been intended—mean to say simply that a person who gives a mortgage to secure a note shall be liable to an action upon the note as long as he is upon the mortgage ? or did they mean to say that he, and all others who were signers of the same note, and who should assent to and approve of his giving the mortgage, should be liable in the same way upon the note, so long as he was upon the mortgage ? Did they intend to say that one man, who was bound for six years only on a contract, because he consented that another should bind himself for twenty years upon the same contract, was also, in consequence of such consent, bound for twenty years himself ? Evidently the former.

We think it evident that the legislature had in view, and intended to provide for the ordinary case of a mortgage given by the signer of a note to secure its payment, and that they had no idea of making any exception to the general statute of limitations, which should be broader than that. And as the words they made use of, taken literally, would evidently carry them so much further than they could have intended to go, either as sound legislators or sensible men, and as we are called upon to give some construction to this section, to put some limitation upon the literal significance of the terms there used, it would seem that the most reasonable, proper and safe one is that which we have first suggested. From the well known common usage and ordinary practice of men, we infer that this was what the legislature intended. We infer the same from the fact that they could have had no other probable or desirable object in view than this, in making this exception to the general statute of limitations.

And this construction most clearly shuts the door against all chances for fraud and injustice, by shutting out all parol evidence as to the knowledge or assent of other signers or sureties to a note than those who are parties to the mortgage.

In unison with the above views is the decision, so far as it goes, in *Exeter Bank* v. *Sullivan*, 6 N. H. 124, and in *Whipple* v. *Stevens*, 22 N. H. 219 ; which cases would seem to establish the principle, as claimed by the defendant's counsel, that one joint promisor cannot be deprived of the benefit of the bar created by the statute of limitations without his consent; that another cannot waive it for him.

But it may be said that there could be no injustice in holding that those who sign a joint and several note, with the understanding that one of them is to give a mortgage to secure it, should all be holden upon the note so long as a portion of them are. But why should such a rule be adopted ? What is it that extends the liability of the maker of the mortgage upon his note for more than six years ? Is it any thing else than the fact that he has given a security for the payment of the note, upon which an action may be maintained for twenty years, and that the policy of the law is to make the action, as to him, co-extensive both upon the mortgage and the note secured by it ? If this be so, then the signer of the note, who has not given any mortgage, has done nothing to extend his liability beyond the ordinary six years' rule. And the fact that he assents to the giving of a mortgage by another, to secure a note to which he is a signer, does not affect his liability upon the note, any more than the fact that he assented to the giving of such mortgage by another makes him a party to that mortgage. But, in answer to this question, it may be asked what injustice can be done to any body by the construction which we give to the law ? The creditor may take as much security as he pleases, either by way of sureties or of mortgages.

He has six years from the time his cause of action accrues upon the note, during which all the signers remain liable to suit upon the note; and in that time the creditor has ample opportunity to ascertain the standing and ability of the signers of the note, whether principals or sureties, and also to investigate and ascertain the value of his securities by way of mortgage; and, unless he chooses to rely upon his mortgage security alone for the collection of his debt, together with the ability otherwise of those who have given the mortgage, and thus extended their liability upon the note, let him commence his action upon the note within the six years, and collect it of the signers. If he will not thus attend seasonably to the collection of his debt, he cannot complain that he should be left, after six years have passed, to rely alone upon his mortgage, and the ability of those only who have signed it.

In Massachusetts and some other States there is in their statute of limitations an exception to their general rule, which provides that "none of the foregoing provisions shall apply to any action brought upon a promissory note which is signed in the presence of an attesting witness," &c. *Walker* v. *Warfield*, 6 Met. 466, was an action upon a promissory note signed by two individuals, which was duly attested. It was, however, claimed by Warfield that, although there was an attesting witness to the note, yet that he was only a witness to the signature of the first signer of the note, and that Warfield, the second signer, added his signature to the note at a subsequent time when no witness was present, and he claimed the benefit of the statute bar. But the plaintiff claimed that, upon his own showing, the defendant could not be entitled to the benefit of the statute; that the note, having been attested before it was signed by Warfield, he, when he signed it, intended to adopt the attestation, and to give it as an attested note, and that, therefore, the statute of limitations could not avail him. But *Shaw*, C. J., in delivering the opinion of

the court, said : " We are not prepared to sanction the views taken in the argument for the plaintiff, that, if a witness attest the signature of one promisor, and the note is afterward signed by another promisor, this is an attested note as to the latter. There would be great difficulty in holding this to be an attested note by the latter within the statute," &c. " If it be said that he intended to adopt the attestation, to give it as an attested note, and thus prevent the operation of the statute, the correctness of that position may be tested by asking whether, if a promisor were in terms to say, ' I hereby sign the above as an attested note, meaning to waive the statute of limitations,' this would form a new exception to the statute." And as it clearly would not in that case, so, suppose the defendant in the case we are now considering, had knowledge of the mortgage that was given to secure the note he had signed, and suppose he assented to its being given, or even procured it to be given, or signed the note only upon condition that it should be given, what effect would that have upon him ? It is claimed that he thereby waived the benefit of the statute bar as to himself. Now suppose the mortgage had been given by one signer of the note before the defendant signed the note, and suppose the defendant, when he came to sign it, to make the matter certain, had added this statement, " Whereas A. B. has given a mortgage of, &c., to secure the payment of this note, at my request and by my procurement, now, in consideration of the premises, I hereby sign this note as a note secured by mortgage, and hereby waive the statute of limitations upon this note for twenty years, or as long as an action may be brought upon said mortgage." This agreement would form no new exception to the statute of limitations. This agreement, like the promise in the note, would be barred by the statute in six years. So that, unless it was the design and intention of the legislature to make all persons who

sign a note liable upon it so long as the creditor may bring an action upon any mortgage which has been given him to secure it, whether given by a party to the note or a stranger; whether given at the date of the note or at any time after; and whether given by the consent and with the knowledge of the signer of the note, or without either of them, this defendant cannot be held liable, if he chooses to avail himself of the statute bar; and that such could have been the intention of the legislature we have before seen to be impossible.

We find some views in the opinion in *Cross* v. *Gannett*, delivered by *Sawyer*, J., 39 N. H. 140, which, we think, favor the construction of the statute which we have given it. In that case one Hall had given a note to Gannett, and given him a mortgage to secure it. Gannett immediately transferred the note and mortgage to one Bell, and indorsed the note, waiving demand and notice. Bell afterward sold the note and mortgage to one Cross, who, in due time, foreclosed the mortgage upon the premises. But it was agreed that the mortgaged premises, at the time of foreclosure, were not of sufficient value to pay the mortgage note. Some fifteen years after the foreclosure, and some nineteen years after the date of the note and mortgage, this suit was brought against Gannett, as indorser, for the balance that remained due upon the note, and the statute of limitations was pleaded; and although it was held, upon other grounds, that the suit was barred against both the maker and indorser, yet, in the opinion it is said that "the object of the provision" (referring to section 6, chapter 181, Revised Statutes) " is manifestly to make the remedy of the holder of the note, by suit upon it, coëxtensive with that which he has by action upon the mortgage, for the purpose of making application of the land *pro tanto*, for the payment of the debt secured by it." If this be true, it accords with the view we have taken of the intention and object of the

legislature. And it is there said that there is another question raised in that case, which the plaintiff might find it difficult to meet if it became necessary to consider it, namely, "whether the specific liability on account of which the right of action on the note is to be considered as extended by this provision of the Revised Statutes, must not be the same as that which the mortgage is given to secure. The mortgage in this case was given to secure the liability of the maker. The action is brought upon the liability of the indorser. It admits of question whether the statute can be construed to mean any thing more than that an action may be brought upon any specific liability upon the note, so long as the plaintiff is entitled to maintain an action upon the mortgage as security for the same liability." The conclusion to which we have come is also in accordance with the general policy of the law at the present time upon that subject, which is to favor statutes of limitations much more than formerly. " A statute of limitations," says Mr. Justice *Story*, in *Bell* v. *Morrison*, 1 Peters 360, "instead of being viewed in an unfavorable light, as an unjust and discreditable defence, should have received such support from courts of justice as would have made it what it was intended to be, a statute of repose." And Mr. Justice *McLean*, in *McClary* v. *Silliman*, 3 Peters 270, says that of late years the courts in England, and in this country, have considered statutes of limitations more favorably than formerly. They rest upon sound policy, and tend to the peace and welfare of society. The courts do not now, unless compelled by former decisions, give a strained construction to evade the effect of these statutes. By requiring those who complain of injuries to seek redress by action at law, within a reasonable time, a salutary vigilance is imposed, and an end is put to litigation.

Unless the case shall be discharged, for the purpose of enabling the plaintiffs to try the question whether the

defendant's right to rely upon the statute of limitations as a defence, has been barred by part payment, in accordance with the agreement of the parties, there must, in conformity with these views, be

*Judgment for the defendant.*