ISAAC A. NORTHROP *vs.* FRANK CHASE ET AL.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is no defense to a suit to foreclose a mortgage, that an action upon the note to secure which the mortgage was given is barred by the statute of limitations.

In a suit to foreclose a mortgage the defendant pleaded, among other things, that the mortgagor and his successors in title had been in adverse possession of the mortgaged premises for more than fifteen years after the date of the mortgage, without recognizing its existence. *Held* that under a denial of the truth of this averment the plaintiff could prove a part payment of the mortgage debt, or any other act of the mortgagor within said period, recognizing the continued existence of the mortgage, without specially pleading such payment or acts in his reply.

The question as to what was decided in another action, if admissible, must be proved by the record or a duly authenticated copy; it cannot be shown by the statement of a witness.

Argued October 6th—decided December 18th, 1903.

ACTION to foreclose mortgages of real estate, brought to and tried by the Court of Common Pleas in Litchfield County, *Welch, J.;* judgment for defendants, and appeal by plaintiff. *No error.*

*Charles W. Murphy,* for the appellant (plaintiff).

*John H. Roraback* and *John F. Addis,* for the appellees (defendants).

HALL, J.   The complaint, dated November 4th, 1901, alleges in the first count that on the 27th of December, 1858, Perry Chase mortgaged certain described land to Isaac Northrop to secure the payment of a note of said Perry Chase for $200, dated December 24th, 1858, payable to said Isaac Northrop on demand with interest.   The second count describes another mortgage dated October 10th, 1867, between the same parties and apparently upon the same land, to secure the payment of a similar note between said parties for $166.39, dated October 10th, 1867.   The plaintiff is alleged to be the owner of said notes under the will of Isaac Northrop, who died in 1868.

The defendants, who are the heirs of Perry Chase, the maker of said notes, who died in 1899, allege by separate defenses to both counts of the complaint, first, adverse possession of the mortgaged premises by the mortgagor and his successors, for more than fifteen years after the date of the mortgages, without recognizing the existence of the mortgages; second, that the right of action upon the notes accrued more than seventeen years prior to the commencement of this action and to the death of the maker of the notes; third, that the right of action to foreclose the mortgages accrued more than twenty years before the commencement of the action and the death of the mortgagor; and fourth, that said Perry Chase prior to his death fully paid and discharged both of said notes and mortgages.

The plaintiff in his reply denied the averments of each of said four defenses; and to said first, second and third defenses

made a further reply, to the effect that within fifteen years said Perry Chase had paid and promised to pay interest upon said notes, and in consideration of the plaintiff's forbearance to foreclose said mortgages had promised to convey his title to said premises to the plaintiff at the commencement of the year 1900.

The trial court sustained the defendants' demurrer to said special reply upon the ground, among others, that it contained no matter in avoidance.

The mere fact that an action at law upon the notes was barred by the statute of limitations, as set forth in the second defense to both counts, constituted no defense to the action to foreclose the mortgages. *Belknap* v. *Gleason*, 11 Conn. 160, 163; *Hough* v. *Bailey*, 32 id. 288.

Such facts alleged in the special reply as showed a payment by the mortgagor within fifteen years of any part of the mortgage debt, or the performance by him of any act recognizing the continued existence of the mortgage, might have been proved by the plaintiff, under his denial of the first defense of the answer, without specially pleading them by way of reply. But upon the trial of the case the court found the fourth defense proven, and that " said notes were both paid in full by the said Perry Chase prior to the year 1878. " The plaintiff can therefore have suffered no injury from the ruling sustaining the defendants' demurrer to the reply, unless the court committed some error in the trial of the issue as to the payment of the notes.

The only such error assigned is, that the court upon the defendants' objection excluded the question : " What did the court decide as to whether Mr. Chase owed the debt or not, " when asked of the plaintiff by his counsel for the purpose of showing " that at the trial of a certain action at law against this plaintiff, in which a garnishee process had been served on said Perry Chase as his debtor, the court had decided from the facts that said Chase was indebted to this plaintiff. "

The ruling was correct. If such judgment between other parties was admissible for any purpose in this action, the proper way of proving it was by the record of the court in

which it was rendered, or a duly authenticated copy of such record. *Waterbury Lumber & Coal Co.* v. *Hinckley*, 75 Conn. 187, 190.

There is no error.

In this opinion the other judges concurred.