### HENRY F. CADY v. FRANK G. USHER.

FILED FEBRUARY 17, 1904. No. 13,392.

Foreclosure of Mortgage: DEFICIENCY JUDGMENT. Where it is disclosed that the notes, to secure which a mortgage is given, are barred by the statute of limitations at the time of the commencement of the foreclosure proceedings, the mortgagee is not entitled, under the provisions of section 847 of the code as it existed prior to the legislative session of 1897, to a deficiency judgment, after the coming in of the report of the sale of the mortgaged property.

ERROR to the district court for Fillmore county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*F. B. Donisthorpe,* for plaintiff in error.

*H. P. Wilson, contra.*

KIRKPATRICK, C.

This is a proceeding in error prosecuted from a judgment of the district court for Fillmore county, denying

the motion of plaintiff in error, who was plaintiff below and who will be styled herein as plaintiff, for a deficiency judgment in a mortgage foreclosure proceeding. On October 5, 1901, plaintiff instituted a foreclosure proceeding upon a mortgage securing three promissory notes maturing January 26, February 26 and April 26, 1896, respectively. More than 5 years had elapsed after the maturity of the notes before the foreclosure proceedings were commenced. Among other defenses, the answer pleaded the statute of limitations. On February 12, 1902, a trial was had, resulting in a decree of foreclosure in favor of plaintiff for the sum of $1,466.25. The sheriff was directed to sell the premises included in the mortgage as upon execution. A stay was taken, and after its expiration, a sale was duly made, and, upon the return of the sheriff to such sale, it was disclosed that there was a deficiency amounting to $1,543.63. Plaintiff afterwards filed a motion for a deficiency judgment, which, on June 30, 1903, was denied on the ground that the notes in suit had been fully barred by the statute of limitations at the time the foreclosure proceedings were commenced.

It is contended by plaintiff that, because in the decree of foreclosure an amount was found due to the plaintiff from the defendant, and an order entered that, unless defendant made payment within 20 days, an order of sale should issue, this amounted to a final judgment against defendant, fixing his liability for the deficiency, and that defendant could not, at a subsequent time, be permitted again to defend. We are unable to accept this view. The finding and decree of foreclosure did not amount to a personal judgment against the defendant. *Alling v. Nelson,* 55 Neb. 161. The mortgage was not barred by the statute, and plaintiff was entitled to a decree of foreclosure; but, before a deficiency judgment could have been rendered, the court must have found from the evidence that defendant was liable on the notes in suit, and, as it was disclosed by the pleadings and the evidence that the notes were barred, plaintiff was not entitled to a deficiency

judgment thereon. It follows that the judgment of the trial court is right.

A second and equally valid reason is disclosed by the record why the judgment must be affirmed. On June 30, 1903, the cause seems to have been before the district court upon the motion of plaintiff for a deficiency judgment and the pleadings in the case, and judgment was entered against plaintiff dismissing his application for a deficiency judgment. Plaintiff was given 40 days within which to prepare and settle a bill of exceptions containing the evidence heard by the trial court, and we find this bill of exceptions in the record; but no motion for a new trial was ever filed in the case or ruled on by the trial court, and this would seem to preclude plaintiff from obtaining any relief in this court, even had the action of the trial court been erroneous, which clearly it is not.

It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.