## HOFFMAN v. SHEAHIN.

### No. 7660.

United States Court of Appeals for the District of Columbia.

Decided April 7, 1941.

George D. Horning, Jr., of Washington, D. C., for appellant.

George P. Lemm and Harold Brody, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and VINSON and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

The suit is for a deficiency on deed of trust notes. The sole question is whether the cause is barred by the statute of limitations, as the trial court held.

The notes aggregated a principal sum of $25,000. They matured, after an extension, on September 18, 1934. The deed of trust, conveying real estate as security, was foreclosed and the proceeds of sale were credited on the notes December 21, 1934. A deficiency of $6,387.16 remained on account of principal, interest, taxes and foreclosure costs. Plaintiff's suit for this

amount was filed December 10, 1937. This was more than three years, the statutory period, from the date of maturity, September 18, 1934, and less than that time from the date of foreclosure and application of the proceeds. The deed of trust, in customary form, authorized the trustee, on default, to sell the property and apply the proceeds to pay the notes, after paying expenses of sale, taxes, etc.

■ Defendant says the beginning of the statutory term was the date of maturity of the notes. Plaintiff says it was the date of foreclosure and application of the proceeds of sale. He advances two theories. The first is that the trustee was defendant's agent to make the application and his doing so constituted a payment which revived the cause and started the running of the statute from the time it was made. The second is that the suit is for the deficiency which could not accrue until after the sale and determination of the amount, not upon the notes themselves.

To sustain the first theory, plaintiff cites no authority involving foreclosure of liens on real estate. None appears to be available.[1] However, plaintiff relies on cases relating to pledges of personalty. Among these are First National Bank v. King, 1913, 164 N.C. 303, 80 S.E. 251, 49 L.R.A.,N.S., 392; Buffinton v. Chase, 1890, 152 Mass. 534, 25 N.E. 977, 10 L.R.A. 123; Sornberger v. Lee, 1883, 14 Neb. 193, 15 N.W. 345, 45 Am.Rep. 106. These treat the trustee's or pledgee's authority to apply the proceeds, given prior to the statutory period, as the equivalent of the debtor's voluntary payment within it. Power to apply the security is identified with authority to waive the statute's running.

We think this extends the "agency" beyond its intended scope and ignores its true nature as well as the basis upon which payment is held to give new life to the debt. The "agency" is not one solely on behalf of the debtor, if indeed it is truly one at all. It is rather a power coupled with an interest, irrevocable by the donor. Cf. Hunt v. Rousmanier, 1823, 8 Wheat. 174, 5 L.Ed. 589. In exercising it the donee acts on behalf of the creditor, whether himself or another, rather than for the debtor, though the latter has empowered him to do the act. The application therefore lacks the voluntary character which gives to the debtor's own act, or to that of an agent acting solely on his account, the character of waiver of immunity and acknowledgment that the debt retains vitality. The time element, too, is important. A power of application given when the debt is incurred expresses intention as of that time, not as of some time within or following the period of limitations. It is the present acknowledgment which gives force to the intention to extend the time of liability. Furthermore, the power to apply is one which is essential to making effective the security. It has no intended relation to any deficiency. There is no policy which favors deficiency judgments so strongly that it should convert an authority limited in terms to dealing with the security into a power to affect something not related to it in any way. For these reasons, we think the better rule, and that more widely accepted at present, is found in the authorities relied upon by the defendant. See Zaks v. Elliott, 4 Cir., 1939, 106 F.2d 425; Brooklyn Bank v. Barnaby, 1910, 197 N.Y. 210, 90 N.E. 834, 27 L.R.A., N.S., 843; Holmquist v. Gilbert, 1907, 41 Colo. 113, 92 P. 232, 14 L.R.A.,N.S., 479; Notes (1923) 25 A.L.R. 58, 62.

■ As to plaintiff's second contention, no point is made that there is any difference as to the time available for enforcing liability for payment of the balance due for principal and interest on the notes, on the one hand, and on the other for taxes, expenses of foreclosure, etc., under the deed. To the contrary, the agreed statement of facts upon which the case has been presented here stipulates that plaintiff is entitled to recover the full $6,387.16 or nothing. Since the larger portion of this amount consists of unpaid principal and interest, we think the fairer disposition will result from treating the entire sum as if it were comprehended within the specific terms of the notes.[2] Furthermore, the deed provided for the ap-

[1] See Notes (1923) 25 A.L.R. 58, 62.

[2] The promise of the notes is limited to payment of principal and interest. Though there is an indorsed reference to the deed of trust, it does not purport to incorporate the terms of that instrument into the notes.

It would seem, therefore, apart from stipulation, that the obligation, if any, to make reimbursement for taxes paid and expenses of foreclosure arises exclusively from the mortgage, rather than from the notes. The deed of trust contained no specific covenant to reimburse the de-

plication of the proceeds of sale to payment of the taxes and expenses of foreclosure in priority to payment of principal and interest, and the proceeds have been applied in accordance with the provision. They were more than sufficient to take care of the taxes and expenses of foreclosure, so that these items may be regarded as having been paid and the entire amount of $6,387.16 as constituting unpaid principal and interest.

Plaintiff's argument appears to be that the deficiency became a separate and independent obligation from that represented by the notes and, since the amount could not be determined until after the sale, the statute did not begin to run until that time. In other words, determination of the deficiency is regarded as giving rise to an entirely new cause of action. In support of this view, plaintiff relies upon authorities which assert that a cause of action for a deficiency does not accrue until after a sale and determination of the amount due. Parratt v. Hartsuff, 1906, 75 Neb. 706, 106 N.W. 966; Reynolds v. Jensen, 1936, 14 Cal.App.2d 558, 58 P.2d 687, 688.

Neither case involved the question whether a deficiency judgment for unpaid principal and interest could be rendered after the notes had been outlawed. The first involved chiefly another issue,[3] but the court also held a plea of limitations bad, "for the cause of action for a deficiency judgment did not accrue until the coming in of the report of the sale." 106 N.W. at page 969. It does not appear that the plea was based on the fact that the notes had been barred before the foreclosure proceedings were begun, and the case does not purport to overrule Cady v. Usher, 1904, 71 Neb. 236, 98 N.W. 651, in which the same court held that this prevented the rendering of a deficiency judgment in foreclosure proceedings.

In Reynolds v. Jensen, supra, the statute specifically prescribed the period within which independent actions for deficiency might be brought, fixing the date of sale on foreclosure as the starting point.[4]

The other authorities cited by plaintiff are not in point,[5] including Dinniny v. Gavin, 1896, 4 App.Div. 298, 39 N.Y.S. 485, affirmed, 1899, 159 N.Y. 556, 54 N.E. 1090, which held that an action on a covenant in a mortgage to pay the mortgage debt is not barred because the notes secured are outlawed. On the other hand, the almost universal holding is that this rule does not apply when there is no such covenant in the mortgage or deed of trust.[6] There was none here, although the defendant covenanted to pay taxes, assessments and fire insurance as they became due and payable. It is true the deed acknowledged the existence of the indebtedness on the notes, but this is held in-

---

fendant for monies advanced by him personally to pay taxes, assessments, expenses of sale, etc., although it did contain a covenant that the defendant would pay taxes, assessments and fire insurance premiums as they became due and payable. The deed provided for foreclosure on default in payment of these items or of sums advanced by the holder of the notes on account of them and, as stated above, for application of the proceeds of sale to pay them in priority to payment of principal and interest.

[3] Whether a decree for foreclosure which contained findings tending to show a liability of the defendants for a personal judgment, but made no order for a deficiency, was final rather than interlocutory, so as to preclude objections to the findings and foreclose any defenses existing when the decree was made, on application for a deficiency judgment after foreclosure and sale of the premises.

[4] The issue was whether an amendment shortening the period within which an action for deficiency might be begun was applicable and valid if applied when the deed of trust was executed before the amendment was enacted.

[5] E. g., cases holding that a judgment foreclosing a mortgage cannot be sued upon until the proceeds of the mortgaged property have been applied to it and the balance due definitely determined, Walker v. Garland, Tex.Com.App.1922, 235 S.W. 1078; Mollohan v. Masters, 1916, 45 App.D.C. 414, certiorari denied, 1917, 242 U.S. 652, 37 S.Ct. 245, 61 L.Ed. 546; that the power of a trustee to sell the property and apply the proceeds to the debt is not affected though the debt is barred, Robinson v. McDowell, 1903, 133 N.C. 182, 45 S.E. 545, 98 Am.St.Rep. 704; cf. Northrop v. Chase, 1903, 76 Conn. 146, 56 A. 518; Campbell v. Upton, 1898, 56 Neb. 385, 76 N.W. 910; and that the lien of the mortgage may be foreclosed although the debt is barred, cf. Cady v. Usher, 1904, 71 Neb. 236, 98 N.W. 651, 652; 2 Jones, Mortgages, 8th Ed.1928, § 1542.

[6] See 42 C.J. § 1973, and authorities cited note 21; In re McHenry, [1894] 3 Chan.Div. 290.

sufficient to constitute an independent undertaking for purposes of rendering a personal judgment,[7] as distinguished from one for foreclosure.

█ It is obvious, of course, that suit for deficiency cannot be instituted until after the amount is ascertained and therefore until after sale and application of the proceeds. But, except as to items for the payment of which the mortgage itself creates personal liability, this means only that applying the proceeds of sale reduces the amount due on the original promise, not that it creates a new and independent one. To do that something more than mere reduction in the amount remaining unpaid is required, as we have held in rejecting the view that the application here amounted to a voluntary payment tolling the statute's running.

Furthermore, it is not disputed that plaintiff might have sued upon the notes, without resorting to the security, at any time within three years from their maturity. Instead he chose to stand by, evidently relying upon the security, until the time had passed for enforcing the personal obligation on the notes. To permit enforcement now would set at nought the statutory protection afforded to the maker so far as his personal liability is concerned. This would place the holder of a secured note in better position as to enforcement of the purely personal obligation than the holder of an unsecured one. We do not believe such a result was intended by the applicable statutes of limitations, which do not purport to extend the time for suit for deficiency.

█ Nor do we think such a consequence was intended by the statute, D.C.Code (1929) tit. 25, § 206, which authorizes the entry of deficiency judgments. In terms it is limited to applications for such relief in judicial proceedings for foreclosure of mortgages or deeds of trust. The foreclosure here was by trustee's sale. The purpose of the statute was to empower the court to combine in a single suit relief by way of foreclosure and personal judgment[8] and we think not to extend the time for suit with reference to the latter. This would seem to be implied from the proviso, "that the complainant would be entitled to maintain an action at law or suit in equity for said residue." However

that may be, the section clearly does not extend the time for bringing an independent suit to enforce personal liability after foreclosure by nonjudicial sale, which is the situation presented here.

The judgment is affirmed.

---

[7] See 2 Jones, Mortgages, 8th Ed. 1928, § 837, and authorities cited.

[8] See 19 R.C.L. § 482; 3 Jones, Mortgages, 8th Ed. 1928, §§ 2205, 2206, 2210.