KING
*v.*
RIDDLE.

KING
*v.*
RIDDLE.

2. There is no evidence to take the case out of the statute of limitations, except the testimony of McDonald, which is too vague and indefinite.

3. The Defendant having been discharged under the insolvent act, no suit can be maintained against him without showing that he has acquired new property since his discharge.

SWANN, *contra.*

1. The Plaintiff was no party to the sealed instrument. He is only named in the recital. It contained no contract on the part of the Defendant to pay the Plaintiff. But it is evidence from which the jury might infer that the Plaintiff had paid the money at his request. It is true there was no positive evidence that the note had been paid, but there are circumstances from which the jury might infer it.

2. The recital in the instrument acknowledging the debt was on the 15th of July, 1804, and the suit was brought upon the 1st of July, 1809: so that 5 years had not elapsed.

3. The discharge under the insolvent law, only discharges the *person*—it is no bar to an action.

*March 4th.....All the Judges (except Duvall, J.) being present,*

MARSHALL, *Ch. J.* delivered the opinion of the court to the following effect:

In this case the whole evidence is spread upon the record by the bill of exceptions, and the Court below refused to instruct the jury (as requested by the Defendant) that it was not sufficient in law to enable the Plaintiff to recover in this action.

If the Court ought to have given this instruction, their refusal is certainly error.

The evidence shows that a note was given, or money paid by the Plaintiff for the use of the Defendant; but

it is objected that it was not paid *at the request of the Defendant.* If the Plaintiff was not bound to pay it, and if it was paid without the request of the Defendant, it is certain that the Plaintiff is not entitled to recover. But the Court thinks that the recital in the deed of assignment is evidence from which the jury might infer a request.

The Court is also of opinion that the recital in the deed is sufficient to take the case out of the statute of limitations. Although the Court is not willing to extend the effect of casual or accidental expressions farther than it has been, to take a case out of that statute, and although the Court might be of opinion that the cases on that point have gone too far, yet this is not a casual or incautious expression: the deed admits the debt to be due on the 15th of July, 1804, and five years had not afterwards elapsed before the suit was brought.

Then it is objected that there is no evidence of the payment of the money by the Plaintiff; but the Court thinks that the recital of the deed is evidence from which the jury might infer the payment.

There was no error respecting the discharge under the insolvent act. It was only a discharge of the person, and could not affect the judgment.

*Judgment affirmed.*