11 U.S. 168
 7 Cranch 168
 3 L.Ed. 304
 KING
v.
RIDDLE.
 March 3, 1812
 
 Present. All the Judges.
 ERROR to the Circuit Court for the District of Columbia, sitting at Alexandria.
 Riddle brought an action of assumpsit in the court below against King. The declaration contained a general count for money paid, laid out and expended by the Plaintiff for the use of the Defendant—and a special count which stated that the Defendant in the year 1798 being taken in execution upon judgments of the county Court of Fairfax at the suit of Fosters and May, gave a prison-bounds-bond, with sureties, which bond he forfeited, and judgment was obtained against his sureties. That the Plaintiff (who was not bound in the bond) did afterwards, at the request of the Defendant, advance, settle and pay the one sixth part of the judgment, amounting to 350 dollars and 52 cents, and that the Defendant in consideration thereof undertook, &c.
 The Defendant pleaded non assumpsit, and non assumpsit infra quinque annos, & c. upon which, issues were joined; and upon the trial the Defendant took a bill of exceptions to the refusal of the court to instruct the jury that the evidence was not sufficient in law to enable the Plaintiff to recover in this action.
 The evidence stated in the bill of exceptions was as follows:
 1. A paper signed and sealed by the Defendant on the 15th of July, 1804, reciting that the Plaintiff and others had become his sureties for a large debt due to Mr. John Foster, and having become accountable, had paid the debt, and he, the Defendant, being desirous to secure them as far as he could, assigned to Thomas Vowell, one of his sureties, certain bonds in trust to collect the money and distribute it equally among them.
 2. The testimony of the said Thomas Vowell that he had never received any thing upon those bonds.
 3. The testimony of John M'Donald, that some time in the summer of 1799 he heard the Defendant say he owed the Plaintiff a sum of money, but he did not state the amount, nor upon what account he owed it.
 4. An abstract of the judgment against the sureties amounting to 2,103 dollars and 12 cents; and
 5. A receipt at the bottom thereof signed by Fosters and May, dated September 18th, 1799, as follows: 'The above sum of 2,103 dollars and 12 cents has been discharged by the negotiable notes of John Harper, William Harper, Thomas Vowell, jr. Samuel Harper and Joshua Riddle, at thirty days, and the cash of Charles Harper, which notes, when paid, will stand in full payment of the above judgment and costs.'
 All the above named persons, except Joshua Riddle, the Plaintiff, were bound in the bond.
 The writ in the present suit was issued on the 1st of July, 1809.
 The Defendant offered in evidence a copy of his certificate of discharge from imprisonment, dated August 12, 1805, under the act of Congress for the relief of insolvent debtors within the District of Columbia—Vol. 6, p. 294.
 The verdict and judgment being against the Defendant, he brought his writ of error.
 E. I. LEE, for the Plaintiff in error, contended,
 1. That the Plaintiff's evidence did not maintain his action.
 If he had any cause of action it was upon the sealed instrument. There was no evidence of the request of the Defendant to the Plaintiff to pay the money, and he was under no legal obligation to pay it. He was not a party to the judgment on the prison-bounds-bond. The receipt states the judgment to be paid by the notes of the Plaintiff and others; but it does not appear that the Plaintiff has ever paid this note.
 2. There is no evidence to take the case out of the statute of limitations, except testimony of M'Donald, which is too vague and indefinite.
 3. The Defendant having been discharged under the insolvent act, no suit can be maintained against him without showing that he has acquired new property since his discharge.
 SWANN, contra.
 1. The Plaintiff was no party to the sealed instrument. He is only named in the recital. It contained no contract on the part of the Defendant to pay the Plaintiff. But it is evidence from which the jury might infer that the Plaintiff had paid the money at his request. It is true there was no positive evidence that the note had been paid, but there are circumstances from which the jury might infer it.
 2. The recital in the instrument acknowledging the debt was on the 15th of July, 1804, and the suit was brought upon the 1st of July, 1809: so that 5 years had not elapsed.
 3. The discharge under the insolvent law, only discharges the person—it is no bar to an action.
 March 4th. All the Judges (except Duvall, J.) being present,
 
 
 1
 MARSHALL, Ch. J. delivered the opinion of the court to the following effect:
 
 
 2
 In this case the whole evidence is spread upon the record by the bill of exceptions, and the Court below refused to instruct the jury (as requested by the Defendant) that it was not sufficient in law to enable the Plaintiff to recover in this action.
 
 
 3
 If the Court ought to have given this instruction, their refusal is certainly error.
 
 
 4
 The evidence shows that a note was given, or money paid by the Plaintiff for the use of the Defendant; but it is objected that it was not paid at the request of the Defendant. If the Plaintiff was not bound to pay it, and if it was paid without the request of the Defendant, it is certain that the Plaintiff is not entitled to recover. But the Court thinks that the recital in the deed of assignment is evidence from which the jury might infer a request.
 
 
 5
 The Court is also of opinion that the recital in the deed is sufficient to take the case out of the statute of limitations. Although the Court is not willing to extend the effect of casual or accidental expressions farther than it has been, to take a case out of that statute, and although the Court might be of opinion that the cases on that point have gone too far, yet this is not a casual or incautious expression: the deed admits the debt to be due on the 15th of July, 1804, and five years had not afterwards elapsed before the suit was brought.
 
 
 6
 Then it is objected that there is no evidence of the payment of the money by the Plaintiff; but the Court thinks that the recital of the deed is evidence from which the jury might infer the payment.
 
 
 7
 There was no error respecting the discharge under the insolvent act. It was only a discharge of the person, and could not affect the judgment.
 
 
 8
 Judgment affirmed.