[No. 10115.  Department Two.  June 24, 1912.]

Charles L. Haggard, *Respondent,* v. John Sanglin,
*Appellant.*[1]

Bills and Notes—Maturity—Election—Limitation of Actions—
Accrual—Chattel Mortgages—Decree Before Maturity of Debt—
Effect.  A proceeding by a chattel mortgagee to preserve his se-
curity, under Rem. & Bal. Code, § 1112, providing that, where the
debt is not due and the mortgagee has reasonable ground to believe
that his debt is insecure etc., he may have the property taken from
the possession of the mortgagor and sold, does not have the effect of
an election to declare the whole debt due or accelerate the maturity
of the debt, where he did not allege such an election, the notes did
not provide for an acceleration of the maturity of the debt in such
case, and the judgment merely applied the sum realized from the sale
of the property in payment of the notes past due "without prejudice
to the rights of the plaintiff to bring an action against the mortgagor
not satisfied by this decree;" hence an action on the unpaid notes is
not barred until six years after their maturity.

Appeal from a judgment of the superior court for King
county, Prigmore, J., entered June 10, 1911, in favor of the
plaintiff, upon stipulated facts, in an action on contract.
Affirmed.

*Herbert W. Meyers* and *Charles A. Enslow,* for appellant.

*Higgins, Hall & Halverstadt* and *William E. Froude*
(*Hyman Zettler,* of counsel), for respondent.

Mount, J.—The question presented in this case is whether
the six-year statute of limitations has run against seven
promissory notes sued upon.  The trial court held that the
statute had not run, and entered a judgment for the plaintiff.
The defendant has appealed.

The facts are stipulated.  It appears that, on July 14,
1902, the defendant executed and delivered to W. W.
Wheaton thirty promissory notes, each for the sum of $50,
the first note maturing one month after date, the next two

[1]Reported in 124 Pac. 373.

months after date, and so on until the last, which matured thirty months after date. On the same day, the defendant executed and delivered a chattel mortgage to secure the payment of the notes. On July 22, 1902, Mr. Wheaton, for value, sold and transferred the notes and mortgage to the plaintiff. On July 29, 1902, plaintiff brought an action in the superior court of King county to foreclose the mortgage, setting out in the complaint "that the said plaintiff Charles L. Haggard had reasonable cause to believe, and does believe, that the mortgaged property is being destroyed and removed from the jurisdiction of the court." On November 23, 1903, the court in that case entered a judgment, finding that the plaintiff had cause to believe, and did believe, that the mortgaged property would be destroyed or removed before the maturity of the debt, and also finding that the property had been sold by a receiver appointed by the court, and that $657.97 had been realized upon such sale, and also that fifteen of the notes were at that time past due, and ordered that the money so realized be paid to plaintiff. The decree also recited:

"It is further ordered that this decree is without prejudice to the rights of the plaintiff to bring an action against the mortgagor not satisfied by this decree."

Since that time, no payments have been made upon the indebtedness. This action was begun on June 29, 1910.

The contention of the appellant is that, because the action to foreclose the mortgage was brought before any of the notes were due, this constitutes an election to declare the whole debt due, and therefore the statute began to run against the whole debt at that time. He relies upon *Coman v. Peters*, 52 Wash. 574, 100 Pac. 1002, where we said:

"This court . . . has made no distinction between a case where there are words of option in the mortgage or agreement and cases where there are none, so far as the duty of the payee is concerned, in electing to declare the whole debt due in order to effect the maturity of the debt; and

has held that in neither case would the whole debt become due upon default without some affirmative action indicating an election on the part of the payee."

And, also, upon *Gunby v. Ingram*, 57 Wash. 97, 106 Pac. 495, 36 L. R. A. (N. S.) 232, where we said: "We have decided that the commencement of an action before the tender of the amount due was one way in which such option could be exercised," and other cases of that character.

We think that rule is not applicable to this case. The mortgage in this case did not provide for an acceleration of the maturity of the debt, and none of the notes were due when the action was begun. The plaintiff evidently proceeded under the provisions of § 1112, Rem. & Bal. Code, which provides that, where a debt is not due and where the mortgagee has reasonable ground to believe that his debt is insecure, and that by allowing the property to remain in the hands of the mortgagor he would be in danger of losing his debt or security, he may have the property taken from the possession of the mortgagor and sold. This is apparently what was done. The plaintiff in that action did not allege that he elected to declare the debt due, and the decree therein did not declare the debt due or give judgment therefor. It ordered the money received from the sale of the mortgaged property to be applied on the notes then past due, and reserved the right to plaintiff to bring another action for the part not satisfied. It seems plain, therefore, that the action was not one upon the debt, but was one to preserve the security merely.

The appellant argues that the action was brought under § 1111, Rem. & Bal. Code. That section provides for the recovery of the debt. We have just seen that this action was not brought for that purpose, and was not treated as such, but was to preserve the security to the plaintiff. We are satisfied that the maturity of the notes was not affected by the action to foreclose the mortgage in order to preserve the security, and that the notes, which matured on their face

within six years prior to the present action, were not barred by the statute. This point is directly decided in *Hall v. Jameson*, 151 Cal. 606, 91 Pac. 518, in harmony with our views upon the subject.

The judgment is therefore affirmed.

ELLIS, MORRIS, and FULLERTON, JJ., concur.