### CAFRITZ CONST. CO. v. MUDRICK et al.
### No. 5470.

Court of Appeals of the District of Columbia.

Argued April 11, 1932.

Decided May 31, 1932.

ROBB, Associate Justice, dissenting.

Milton Strasburger, of Washington, D. C., for appellant.

Jacob N. Halper, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal by plaintiff from a judgment entered by the lower court after plaintiff had elected to stand upon its amended declaration, to which a demurrer had been interposed and sustained.

The amended declaration alleges, in substance, that on February 14, 1930, the defendants executed and delivered to Morris Cafritz their two certain promissory notes, payable to his order; the first note calling for $3,500 payable in monthly installments of $45 each until paid, the second note being for $1,000, payable one year after date. The notes were secured by a deed of trust executed by the defendants upon certain real estate owned by them, which contained an acceleration provision to the effect that upon default of payment of any installment of the debt the property might be sold and the proceeds applied to the payment of any sum remaining unpaid upon the notes, whether due or not, and containing the following stipulation, to wit: "It being agreed that said notes shall, upon such sale being made before the maturity of said notes, be and become immediately due and payable at the election of the holder thereof."

Each of the two notes when executed and delivered had written upon its face the following inscription, to wit: "This is to certify that this is the note described in a deed of trust to the trustees named hereon, and bearing even date herewith, said deed of trust and note having been executed in my presence. J. Miles Miller, Notary Public, D. C."—and also the following statement, to wit: "Given as deferred purchase money and secured by second deed of trust on lot 83, square 3207, Arthur J. Bridgett and Milton Strasburger, trustees."

The notes and deed of trust were after-

wards duly assigned and transferred by the payee to appellant. After default of payment of one of the installments a sale was made under the deed of trust, and, after the application of the proceeds upon the debt, a part of the debt remained unpaid. This balance was not yet due and payable according to the terms of the notes, if taken alone, but plaintiff claimed judgment for it under the acceleration clause contained in the deed of trust.

The lower court sustained a demurrer to the amended declaration, the plaintiff elected nevertheless to stand upon it, and judgment was entered against it. This appeal followed.

The appeal presents a single question, to wit, whether the acceleration clause in the deed of trust as aforesaid will be limited to a foreclosure for the full amount of the notes, or whether under such conditions it will mature the debt itself. It is our opinion, based upon both principle and authority, that the clause matured the entire debt, and that the ruling of the lower court was erroneous.

It first should be noted that the present issue is raised by the debtors who signed the notes and deed of trust, and not by any third parties such as guarantors or others who might have become liable upon the notes. Accordingly the defendants concededly stipulated in the deed of trust that, upon sale being made thereunder before full maturity of the notes, the notes should thereupon be and become immediately due and payable at the election of the holder. There is no reason apparent why the defendants should not be held to their admitted contract. It is true that the acceleration clause appears in the deed of trust and not in the notes, but "it is elementary that, when separate writings are executed between the same parties at the same time, in the course and as part of the same transaction, and intended to accomplish the same general object they are to be construed as one and the same instrument." 8 C. J. 196. Especially is this true where one instrument refers to another as in the present case.

It is suggested that, if an acceleration clause should be enforced in such a case, the effect would be to destroy the negotiability of the note. But, if the parties chose to issue a nonnegotiable note, they are certainly entitled to do so. However, it has been definitely settled that the negotiability of a note is not affected by the fact that it might at the option of the holder and by reason of the default of the maker, become due at a date earlier than that fixed. Bowie v. Hume, 13 App. D. C. 286, 311; Smith v. Nelson Land & Cattle Co. (C. C. A.) 212 F. 56; Chicago Ry. Co. v. Merchants' Bank, 136 U. S. 268, 10 S. Ct. 999, 34 L. Ed. 349.

Our view is fully sustained by the federal decisions, and by a decided preponderance of state cases.

In Gregory v. Marks, 8 Biss. 44, 10 Fed. Cas. page 1194, No. 5802, it was held by District Judge Blodgett that, where a clause in a trust deed provided that the indebtedness secured thereby was to become wholly due and payable in case of default in the payment of interest, the note and trust deed, being contemporaneous instruments, must be construed together, and, if default is made in payment of interest, the whole indebtedness becomes due, and the holder of the note may pursue the maker of the note by a personal judgment after exhausting the securities.

In Wheeler & Wilson Mfg. Co. v. Howard (C. C.) 28 F. 741, 742, it is held that, where a deed of trust and mortgage are executed at the same time to secure the same notes, they should be considered as one instrument. The decision was rested upon a Missouri case (Noell v. Gaines, 68 Mo. 649), but Mr. Justice Brewer, speaking for the court, said: "Independent of that decision, it is in accord with my own views of what the law is. It is elementary that where two instruments are executed at the same time, having reference to the same transaction, they are to be construed as though there was but one instrument. Now, here, according to the averments of this petition, this mortgage and this deed of trust were executed at the same time, and to secure these notes; they were parts and parcels of one transaction, and are to be construed as one instrument; and if there were but one instrument, and that containing a promise to pay money at three separate times, with a proviso that, upon a failure to pay the first sum at the time named, all should become due, I cannot see how, logically, we can escape the conclusion that the parties have made an absolute, unconditional stipulation, operative under all circumstances and for all purposes."

In Richardson v. Warner (C. C.) 28 F. 343, 344, the same learned justice held: "A provision in a mortgage that, upon default in the payment of interest due on any of the

notes secured thereby, the entire debt shall immediately become due and payable, does not, of itself, cause the notes to mature, so as to start the running of the statute of limitations. The stipulation is permissive only, and simply gives a privilege to the mortgagee."

In Brewer v. Penn. Mut. Life Ins. Co., 94 F. 347 (C. C. A. 8th), it was held that notes, and a mortgage securing the same, executed at the same time, constitute a single contract, and a provision of the mortgage that, on the failure of the maker to perform any agreement contained in either the notes or mortgage, the entire debt may be collected, gives the holder the right, on default in the payment of interest, to declare the notes due for all purposes, and to collect them by suit in the ordinary form, as well as by foreclosure.

In Low v. Blackford, 87 F. 392 (C. C. A. 4th), it is held that a mortgage and the bonds and coupons secured thereby are to be construed as one contract, and provisions in the mortgage as to the method of distribution of the proceeds in case of foreclosure sale, although not found in the bonds, will bind the bondholders where there is nothing in the bonds inconsistent therewith. See Keene Saving Bank v. Reid (C. C. A.) 123 F. 221, Philippi Collieries Co. v. Thompson (C. C. A.) 163 F. 23; McIntyre v. Andrews (C. C. A.) 17 F.(2d) 865; Borum v. Stephenson (C. C. A.) 49 F.(2d) 581.

In Jones on Mortgages (8th Ed.) vol. 2, § 1507, it is said: "Provision as to effect of default need not occur in both mortgage and note. It is not essential that this provision shall be contained in both the mortgage and note. When these instruments are executed at the same time with regard to the same transaction, and make reference to each other, they are but one in the eye of the law, and the terms of either are qualified by any provisions of the other applicable thereto."

In 46 L. R. A. (N. S.) 480 it is said: "Upon the weight of authority a clause only in the mortgage providing that the debt shall become due upon a contingency therein set forth will mature the note, although it be not due by its terms." See 19 R. C. L. p. 495, § 291; 34 A. L. R. 850, note.

The question whether an acceleration clause is effective if contained in the mortgage alone and not in the notes has not directly been decided by the Supreme Court.

In Railway Company v. Sprague, 103 U. S. 756, 761, 26 L. Ed. 554, both the bonds and the mortgage contained acceleration clauses, but they were inconsistent with one another. The court held that the clause in the bonds should control, since the bonds were the principal thing containing the obligation of the company and the mortgage a mere security.

In Moline Plow Co. v. Webb, 141 U. S. 616, 12 S. Ct. 100, 35 L. Ed. 879, an acceleration clause appeared in both notes and mortgage. Paragraph 2 of the syllabus reads as follows: "Construing the notes and the deeds as contemporaneous agreements, relating to the same subject matter, the limitation of four years under the law of Texas ran from the dates named in the respective notes, as the dates of maturity, and not from the date of the default in the payment of interest; otherwise, if the option given to the payee or holder by the deed of trust, to make them due upon such default, had been exercised by the payee or the holder." This reasoning is inconsistent with any other view than that taken by us above.

For the reasons and upon the authorities above set out, we reverse the judgment of the lower court with costs, and remand the cause for further proceedings not inconsistent herewith.

Reversed and remanded.

ROBB, Associate Justice, dissents.