notes secured thereby, the entire debt shall immediately become due and payable, does not, of itself, cause the notes to mature, so as to start the running of the statute of limitations. The stipulation is permissive only, and simply gives a privilege to the mortgagee."

In Brewer v. Penn. Mut. Life Ins. Co., 94 F. 347 (C. C. A. 8th), it was held that notes, and a mortgage securing the same, executed at the same time, constitute a single contract, and a provision of the mortgage that, on the failure of the maker to perform any agreement contained in either the notes or mortgage, the entire debt may be collected, gives the holder the right, on default in the payment of interest, to declare the notes due for all purposes, and to collect them by suit in the ordinary form, as well as by foreclosure.

In Low v. Blackford, 87 F. 392 (C. C. A. 4th), it is held that a mortgage and the bonds and coupons secured thereby are to be construed as one contract, and provisions in the mortgage as to the method of distribution of the proceeds in case of foreclosure sale, although not found in the bonds, will bind the bondholders where there is nothing in the bonds inconsistent therewith. See Keene Saving Bank v. Reid (C. C. A.) 123 F. 221, Philippi Collieries Co. v. Thompson (C. C. A.) 163 F. 23; McIntyre v. Andrews (C. C. A.) 17 F.(2d) 865; Borum v. Stephenson (C. C. A.) 49 F.(2d) 581.

In Jones on Mortgages (8th Ed.) vol. 2, § 1507, it is said: "Provision as to effect of default need not occur in both mortgage and note. It is not essential that this provision shall be contained in both the mortgage and note. When these instruments are executed at the same time with regard to the same transaction, and make reference to each other, they are but one in the eye of the law, and the terms of either are qualified by any provisions of the other applicable thereto."

In 46 L. R. A. (N. S.) 480 it is said: "Upon the weight of authority a clause only in the mortgage providing that the debt shall become due upon a contingency therein set forth will mature the note, although it be not due by its terms." See 19 R. C. L. p. 495, § 291; 34 A. L. R. 850, note.

The question whether an acceleration clause is effective if contained in the mortgage alone and not in the notes has not directly been decided by the Supreme Court.

In Railway Company v. Sprague, 103 U. S. 756, 761, 26 L. Ed. 554, both the bonds and the mortgage contained acceleration clauses, but they were inconsistent with one another. The court held that the clause in the bonds should control, since the bonds were the principal thing containing the obligation of the company and the mortgage a mere security.

In Moline Plow Co. v. Webb, 141 U. S. 616, 12 S. Ct. 100, 35 L. Ed. 879, an acceleration clause appeared in both notes and mortgage. Paragraph 2 of the syllabus reads as follows: "Construing the notes and the deeds as contemporaneous agreements, relating to the same subject matter, the limitation of four years under the law of Texas ran from the dates named in the respective notes, as the dates of maturity, and not from the date of the default in the payment of interest; otherwise, if the option given to the payee or holder by the deed of trust, to make them due upon such default, had been exercised by the payee or the holder." This reasoning is inconsistent with any other view than that taken by us above.

For the reasons and upon the authorities above set out, we reverse the judgment of the lower court with costs, and remand the cause for further proceedings not inconsistent herewith.

Reversed and remanded.

ROBB, Associate Justice, dissents.

William D. HOOVER, Alexander Muncaster, and Thomas Morton Gittings, Trustees of the Estate of Rose Keeling Hutchins, Deceased, Appellants, v. Harry WARDMAN, Thomas P. Bones, and James D. Hobbs.

No. 5473.

Court of Appeals of the District of Columbia.

Argued April 11, 1932.

Decided May 31, 1932.

Motion for Rehearing Denied June 10, 1932.

Thos. Morton Gittings, of Washington, D. C., for appellants.

Daniel Thew Wright, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

This case was argued and submitted together with Cafritz Construction Co. v. Robert Mudrick and Fredy Mudrick, 61 App. D. C. 189, 59 F.(2d) 864, and involves the same issue this day decided by us therein. Consistently with our decision in that case, the judgment of the lower court herein is reversed with costs, and this cause is remanded for further proceedings not inconsistent herewith.

ROBB, Associate Justice, dissents.

COLSTON v. BURNET, Commissioner of Internal Revenue.

No. 5489.

Court of Appeals of the District of Columbia.

Argued May 5, 1932.

Decided May 31, 1932.

Walter S. HUTCHINS, Appellant, v. Harry WARDMAN, Thomas P. Bones, and James D. Hobbs, Appellees.

No. 5490.

Court of Appeals of the District of Columbia.

Argued April 11, 1932.

Decided May 31, 1932.

Motion for Rehearing Denied June 10, 1932.

Chas. H. Merillat, of Washington, D. C., for appellant.

Daniel Thew Wright and Philip Ershler, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

PER CURIAM.

This case was argued and submitted together with Cafritz Construction Co. v. Robert Mudrick and Fredy Mudrick, 61 App. D. C. 189, 59 F.(2d) 864, and involves the same issue this day decided by us therein. Consistently with our decision in that case, the judgment of the lower court herein is reversed with costs, and this cause is remanded for further proceedings not inconsistent herewith.

ROBB, Associate Justice, dissents.