## BRICE v. WALKER.

### No. 7639.

United States Court of Appeals for the District of Columbia.

Decided April 7, 1941.

Herman Miller, of Washington, D. C., for appellant.

Stanton C. Peelle, Jr., of Washington, D. C., for appellee.

Before MILLER, VINSON, and RUTLEDGE, Associate Justices.

PER CURIAM.

Plaintiff (appellant) is the holder of a promissory note, secured by a deed of trust

---

[7] See 2 Jones, Mortgages, 8th Ed. 1928, § 837, and authorities cited.

[8] See 19 R.C.L. § 482; 3 Jones, Mortgages, 8th Ed. 1928, §§ 2205, 2206, 2210.

executed simultaneously by the defendant on April 29, 1931. The last payment was made on October 7, 1932. Plaintiff asks judgment in the amount of the balance due under the note, plus interest, stating that the claim is based upon the note and the deed of trust. The complaint was filed on July 29, 1939. The defendant answered that the indebtedness was barred by limitation. The District Court sustained defendant's motion for judgment on the pleadings.

The parties agree that the question to be determined is whether the obligation is a simple debt or one under seal. If the action is based upon a simple debt, it is conceded that the statute has run. It is clear that an unsecured note is a simple debt and the action upon it must be brought within three years from maturity. It is also clear that a deed of trust is a sealed instrument and the period of limitation is twelve years. Plaintiff contends that the present indebtedness is evidenced and acknowledged by the deed of trust, an instrument under seal; that the note and the deed of trust, being parts of the same transaction, are to be considered as one instrument; and that the applicable period of limitation is twelve years.

These contentions are not in accord with the law.[1] They, moreover, are inconsistent with the holding that Hoffman's claim was barred in the Hoffman v. Sheahin[2] case decided today, if that deed of trust and note had language dovetailing the two instruments as in the instant case. A comparison reveals that the pertinent language of the note and the deed of trust in the Hoffman case is not only substantially similar to, but almost identical with, the phraseology of the instruments involved in this litigation.

In the Hoffman case the contention, rejected by the court, was that the three-year limitation on the note should start to run after the deed of trust sale when the deficiency was ascertainable. It would seem that in most instances at least that argument is much stronger than the one presented here which would make the twelve year period applicable to every note secured by a deed of trust irrespective of what was done under the latter instrument.

Affirmed.

---

[1] Bank of Wildwood v. Kerl, 138 Fla. 527, 189 So. 866; Slingerland v. Sherer, 46 Minn. 422, 49 N.W. 237; McKenzie v. Matthews, 153 Ala. 437, 44 So. 958; 10 C.J.S., Bills and Notes, p. 508, § 75; Angell, Limitations, 6th Ed. 1876, § 92, cf. § 73. It appears that the courts apply the statute of limitations for simple debts to the note, rather than the one for specialties, whether they follow the rule that the action on the mortgage, or deed of trust survives the outlawing of the action on the note, or that it does not so survive.

[2] —— App.D.C. ——, 121 F.2d 861, decided April 7, 1941. Compare King v. Riddle, 7 Cranch 168, 11 U.S. 168, 3 L.Ed. 304, and Murphy v. Wolfe, 44 W.L.R. 579 (D.C.).