# �door𝔦chmond

## C. E. Holcomb v. F. H. Webley and Celia Webley.

April 22, 1946.

Record No. 3023.

Present, All the Justices.

The opinion states the case.

*Thomas J. Surface, George W. Chaney* and *J. Foster Hagan,* for the plaintiff in error.

*Robert A. Ryland,* for the defendants in error.

GREGORY, J., delivered the opinion of the court.

C. E. Holcomb brought his action at law by notice of motion for judgment against F. H. Webley and Celia Webley for $7,334.28, with interest and costs. The trial court sustained a plea of the statute of limitation to the action and dismissed it.

The case was heard and decided solely upon the motion for judgment and the plea of the statute of limitation. No evidence was heard touching the various issues raised in the grounds of defense or that might have been raised under the plea of the general issue. The facts, therefore, must be gathered from the pleadings. They may be stated thus:

On February 1, 1928, The Howerton-Henry Realty Company, Inc., conveyed to the defendants a certain farm in Culpeper county, Virginia, for a consideration of $30,000. Included in this consideration was the assumption of a loan on the property of $11,500, due the New York Life In-

surance Company, a cash payment of $7,826.97, and the residue of $10,673.03 was evidenced by eleven notes bearing date of February 2, 1928, ten for $1,000 and one, the last, for $673.03. These notes were payable annually and were secured by a deed of trust upon the property, made by the defendants, to J. G. Sheets, trustee.

Immediately after the execution of the said notes which were secured in the deed of trust to Sheets, trustee, C. E. Holcomb became the holder of them for value.

Default having been made in the payment of the first note which was due on February 1, 1929, Holcomb directed the trustee to foreclose the deed of trust. Thereafter, on September 7, 1929, the trustee sold the property at public auction and Holcomb became the purchaser at the price of $4,000. The present action was brought by him for the difference between the total amount due and secured by the deed of trust and the net amount realized from the sale, and it is grounded solely on the following covenant that appears in the deed of trust:

"The said parties of the first part hereby waive the benefit of their homestead exemption as to the debt secured by this deed and bind themselves, their heirs or assigns, to pay off said debt promptly when it becomes due and payable."

No claim was based upon the notes for they were all barred by the five-year statute of limitation at the time the action was brought and the notice thereof executed on the defendants on the 27th day of June, 1944.

The pleadings disclose that the trustee advertised the sale of the property for cash. This was contrary to the express terms of the deed of trust. Those terms were that in the event of sale the same should be made for cash sufficient to pay the costs of sale, &c., and to pay the amount in default, and as to the residue not due, the same was to be made payable in the order of the maturity of the notes evidencing the said residue. At the time of sale only one note of $1,000 was in default. There was no acceleration clause in either the deed of trust or in the notes, and it is con-

ceded the trustee had no authority to sell the property for cash.

After the sale was made and Holcomb had purchased the property for $4,000, he paid from the purchase money the $1,000 note which was in default and applied the residue of the purchase price of $2,338.75 to the payment of the notes which were not then due and payable. This is clearly disclosed from the settlement of the account of the trustee which is made a part of the notice of motion.

However, the defendants, who were the grantors in the deed of trust, expressed no objection or opposition to the sale, the terms of which had been improperly advertised for cash. They were charged with constructive notice, at least, of the sale and of its terms. They have acquiesced in the sale and for some fifteen years have made no protest, and make no protest now, that the trustee exceeded his authority in making the sale for cash.

The plaintiff is in no position to object to the sale having been made in violation of the terms of the deed of trust. The trustee was his agent as well as the agent of the defendants in executing the sale, and the plaintiff actually required the sale when the first note was in default. It therefore does not lie in his mouth to say that the trustee exceeded his authority because the plaintiff himself bought the property at the sale for cash. In addition, he actually applied the major portion of the purchase money to the notes which were not then due.

The Webleys, the makers of the notes and the defendants below, filed a plea of the statute of limitations in which they alleged that inasmuch as an action on each of the notes was barred by the statute of limitations, the plaintiff's right of action on the covenant in the deed of trust was likewise barred.

The lower court did not adopt the view advanced by the defendants, but held that the foreclosure of the deed of trust on September 7, 1929, and the application of the proceeds of the sale to the unmatured notes, *ipso facto* accelerated the time of payment of all of the notes, that each

of them became immediately due and payable, and that the plaintiff's right to sue on the sealed covenant in the deed became barred ten years after the date of the foreclosure sale, or on September 7, 1939. Code, sec. 5810. Hence, it sustained the plea of the statute of limitations and dismissed the suit.

The entire contract of the parties with respect to the manner of the payment of this indebtedness is found in the several notes and in the deed of trust. The notes on their face provide that they are payable on a particular date. None of them contains any provision for the acceleration of the time of payment under any circumstance or upon any condition. Nor is there any such provision in the deed of trust.

Frequently, when a debt is payable in installments, such as is the case here, either the notes themselves, or the collateral deed of trust, provide that upon default in the payment of any note at its maturity, the remaining notes shall become due either automatically or at the option of the holder thereof.

It is well settled that in the absence of such a provision, the notes are payable as they are written, and the time of payment is not accelerated by the happening of other events not specifically agreed upon. As is said in 10 C. J. S., Bills and Notes, section 251,a, pp. 746, 747, "the right to accelerate maturity is limited to the grounds therefor set forth in the instrument".

Accordingly, so far as we have been able to find, the authorities are unanimous in the view that in the absence of a provision to that effect in either the notes or in the mortgage or deed of trust, a foreclosure sale precipitated by a default in the payment of a part of the indebtedness, and the application of the proceeds, in part, to the unmatured portion of the debt, do not *ispso facto* accelerate the time of payment of the balance of the debt. See 10 C. J. S., Bills and Notes, section 251,b, p. 749; *Hall* v. *Jameson*, 151 Cal. 606, 91 P. 518, 521, 12 L. R. A. (N. S.) 1190, 121 Am. St. Rep. 137; *Haggard* v. *Sanglin*, 69 Wash. 151, 124

P. 373, 374; *Cuddy* v. *Sarandrea*, 52 R. I. 465, 161 A. 297, 299.

■ The holding of such authorities is grounded on the simple but fundamental proposition that to say that the foreclosure of a mortgage or deed of trust accelerates the maturity of the debt, in the absence of a provision to that effect, is to write a new contract for the parties.

A leading case on the subject is *Hall* v. *Jameson, supra,* where the court said (91 P., at page 521): "In the mortgage under consideration there is not a word to the effect that the debt shall become due upon the sale, nor to the effect that the mortgagee, as a condition to the exercise of the power, must declare that it is due. The express language of the instrument is that it shall not become due until three years after its date. To interpolate a provision that it shall all become due upon a sale under the power, * * * would be to put in the contract that to which the parties did not agree, and * * * would contradict the express terms to which they did agree. By the contract, the payor of the note was to have the full term of the note within which to pay any deficiency remaining thereon, after the application of the proceeds of the sale. * * * "

In *Cuddy* v. *Sarandrea, supra,* a recent case, the court said (161 A., at page 299): "Defendants claim that the maturity of the note was accelerated by the act of the transferee of the mortgage in foreclosing it. This contention is without merit. The note had no acceleration provision because of any default in the terms of the mortgage, nor did the mortgage contain any provision that a default therein should accelerate the maturity of the note. * * * The mortgage was only security for the payment of the debt and the note given therefor. The application of the proceeds of the sale in reduction of the amount of the debt was a benefit and not an injury to the indorsees; it did not operate as an acceleration of the maturity of the note."

■ Of course, the trustee here should have sold the property only in conformity with the terms of the deed of trust. Here, with the acquiescence of both the debtor

and the creditor, the property was sold on different terms. Such acquiescence merely validated the sale. But it did not affect the maturity of the debt, for the simple reason that the contract between the parties did not so provide.

Neither did the acceptance by the creditor of the proceeds of the sale, conducted in an illegal manner, affect the maturity of the debt, in the absence of a provision in the contract to that effect. At most, it was nothing more than the acceptance by the creditor of the net sum paid to him by the trustee as a credit on the debt. To that extent the creditor merely allowed the debtor to anticipate payment of the debt. But, surely, the acceptance of a part payment of a debt not due does not accelerate the date of maturity and require the debtor to pay the balance immediately.

Accordingly, we are of opinion that notwithstanding the foreclosure sale, the notes still matured and fell due according to their terms. If this be so, then an action on the covenant in the deed of trust, which was under seal, was not barred by the statute of limitations for the reason that the debt had not fully matured ten years before the institution of the suit. The last five notes matured within that period.

In Virginia we have no case in point. *Wolf* v. *Violett* (1883), 78 Va. 57, is relied upon, but it is clearly differentiated on the facts. There, no express personal covenant of the grantor to pay the debt secured was embraced in the deed of trust as was the case in the case at bar.

The precise question has frequently been before the courts, and the subject is fully covered in an annotation in 124 A. L. R., p. 645. There the author says: "Where the mortgage contains a personal covenant for the payment of the debt, and the statute of limitations applicable to instruments under seal (such as a covenant) has not yet run, it is obvious that a deficiency or personal judgment may be recovered against the mortgagor under the covenant in a foreclosure action or in an action directly on the covenant, although the personal obligation secured by the mortgage is barred by the statute of limitation."

A number of cases supporting the principle are cited and reviewed in the annotation where it is pointed out that only the Florida court has held to the contrary.

In their brief the defendants in error contend that there is no privity of contract between them and the plaintiff.

There is no merit in this contention. Code, section 5143, provides: " * * * if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, * * * such person, whether named in the instrument or not, may maintain in his own name any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party. making such covenant or promise. * * * "

Here the covenant in the deed of trust to pay the debt was for the benefit of the holder of the notes secured, and the right to sue thereon comes squarely within the provisions of the statute.

In *Swain* v. *Virginia Bank, etc., Co.*, 151 Va. 655, 666, 144 S. E. 645, this court held that a covenant in a deed of bargain and sale, whereby the grantees had assumed and agreed to pay off a deed of trust indebtedness, was for the benefit of the holder of the notes thereby secured, and that the latter might sue thereon under this section.

For these reasons, we reverse the judgment of the lower court, overrule the plea of the statute of limitations as to those notes maturing within ten years of the date of the institution of this suit, sustain the plea as to the other notes, and remand the case for a new trial.

*Reversed and remanded.*