**James B. HUNTLEY, Appellant,**

v.

**Hugo BORTOLUSSI, Appellee.**

No. 93–CV–1341.

District of Columbia Court of Appeals.

Argued Nov. 6, 1995.

Decided Dec. 7, 1995.

Richard B. Treanor, for appellant.

Clifford E. Barnes, for appellee.

Before FERREN, SCHWELB, and REID, Associate Judges.

REID, Associate Judge:

Appellee Hugo Bortolussi filed a complaint for failure to pay a promissory note against appellants James B. Huntley and his wife Emily C. Huntley.[1] The trial judge granted summary judgment for appellee; in doing so he concluded that the twelve year statute of limitations was applicable to appellee's action rather than the three year statute. We disagree and hold that the expiration of the three year period barred appellee's claim. We therefore reverse.

## FACTUAL SUMMARY

On September 21, 1979, appellant and his wife borrowed $5,000 from appellee. They executed a promissory note, which was not sealed, and promised to repay the indebtedness within ninety days. Simultaneously, they executed a deed of trust on property located in the District of Columbia. The

---

**1.** Mrs. Huntley did not file a brief in this court.

deed of trust secured the loan.[2] Payment was not made on the note within ninety days.

On May 21, 1982, appellant and his wife signed a notarized document which extended the time for payment of the loan to September 21, 1982. Again, payment was not made. Years passed by with no action on the note by either party. Finally, on July 17, 1992, appellee filed suit on the note seeking $23,-923.00 in principal and interest. His complaint did not mention the deed of trust, but described the note as one "under seal." In his answer to the complaint, appellant maintained that the statute of limitations barred the complaint. Both parties moved for summary judgment.

## THE TRIAL COURT'S RULING

■ The trial court ruled in favor of appellee as a matter of law, and concluded that: "the deed and note evidencing defendant's indebtedness to plaintiff constituted sealed instruments.... [C]onsequently, suit thereon was not barred by the three-year statute of limitations...." As authority for its ruling, the trial court cited *Cafritz Constr. Co. v. Mudrick*, 61 App.D.C. 189, 190, 59 F.2d 864, 865 (1932). We disagree with the trial court's ruling and hold that on the facts of this case, the three year statute of limitations applied. Therefore, appellee's action, filed approximately ten years after the execution of the extension of the note, is barred by the statute of limitations.

## ANALYSIS

It is indisputable that the promissory note, as extended on May 21, 1982, matured on September 21, 1982. Under D.C.Code § 12–

301 (1981), an action on a note is governed by a three year statute of limitations, unless it constitutes "an instrument under seal" within the purview of § 12–301(6). Since appellee filed suit approximately ten years after the note matured, his action would be barred if the three year limitation statute were held applicable. However, appellee maintains that the note at issue is a sealed instrument even though neither the original note or the 1982 extension was sealed. He insists that the note, extension and deed of trust must be read together. He maintains that because the deed of trust has the word "seal" by his name, the promissory note is a sealed instrument, and his action is timely.

Appellant argues that appellee sued on the note, and that neither the note nor the extension is sealed. Further appellant argues, appellee may no longer rely on the deed of trust because it does not exist due to the sale of the property. Therefore, the three year statute of limitations is applicable, and appellee's action is barred.

We first examine the documents at issue. The September 21, 1979, note is a simple promissory note. It is clearly not sealed. The September 21, 1979, deed of trust is notarized and bears the word "seal" next to appellee's name, but there is no independent covenant or promise to pay the $5,000 indebtedness. There is an acknowledgment of the money owed in the first "whereas" clause.[3] In addition, the second "whereas" clause expresses a "desire" of the makers of the underlying note "to secure prompt payment of [the] debt...." The May 21, 1982, notarized document is a simple extension that does not even record the dollar amount of the indebtedness on its face.[4]

**2.** During oral argument, appellee indicated that the deed of trust apparently was never recorded. In addition, the parties also confirmed that the property, which was the subject of the deed of trust, had been sold. Appellee maintained that he did not receive notice of the sale.

**3.** The clause reads:

"Whereas, James B. Huntley and Emily C. Huntley are justly indebted to Hugo Bortolussi, Washington, D.C. in the full sum of Five Thousand (Without interest) dollars until paid for which amount the parties of the first part have executed and delivered their one promissory

note bearing even date with these presents, payable to Hugo Bortolussi said principal payable $5,000.00. Five Thousand Dollars, in full within 90 days from the above date. Said note has been identified by the Notary Public taking the acknowledgment to these presents."

**4.** The extension reads as follows:

"Re: Real Estate Loan (Secured) Lot 103, Square 2825. Dear Mr. Hugo: As per our telephone conversation several days ago, the following notarized statement is submitted with reference to the above loan for your records. We will pay an interest rate of twelve

We turn next to the trial court's conclusion that this case is governed by *Cafritz Constr. Co., supra,* 61 App.D.C. at 191. *Cafritz* did not involve a question concerning the applicability of a three or twelve year limitation period. Rather, it concerned an acceleration clause in a deed of trust which controlled the time for full payment on a promissory note in the event that a default occurred and a sale of the property securing the note left a deficiency, or a remaining sum to be paid, under the note. In *Cafritz,* both the promissory note and the deed of trust, which secured the note, were executed simultaneously. Since the note had not matured at the time the property was sold and the deficiency following the sale was obvious, the question for the court centered on the intention of the parties concerning when full payment should be made after a default, sale and resulting deficiency. Under those circumstances, the court held that the parties intended the note and the deed of trust to be read as one instrument. Since the deed of trust contained an acceleration clause relating to the note, the court concluded that the remaining sum on the note was immediately due. The facts of appellant's case are different and *Cafritz* is not controlling.

 Directly applicable, however, is *Hoffman v. Sheahin,* 73 App.D.C. 374, 121 F.2d 861 (1941) which involved a statute of limitations' question.[5] The court concluded that the three year limitation period was applicable. In doing so, the court made clear the necessity of finding in the deed of trust under seal more than an acknowledgment of the indebtedness on the notes to invoke the longer period of limitation. Rather, there

must be an "independent undertaking" reflected in the deed of trust. As the court put it: "It is true the deed [under seal] acknowledged the existence of the indebtedness on the notes, but this is held insufficient to constitute an independent undertaking for purposes of rendering a personal judgment, as distinguished from one for foreclosure." *Id.* at 376–77, 121 F.2d at 864.[6]

Assuming that the 1979 deed of trust under seal at issue in this case has continuing validity despite the sale of the underlying property, it does not help appellee's cause because it does not contain an independent undertaking or covenant to pay the indebtedness. Appellee insists that both the first and second "whereas" clauses contain a covenant to pay, and directs our attention to *Holcomb v. Webley,* 185 Va. 150, 37 S.E.2d 762 (1946). *Holcomb* involved the applicable statute of limitations governing eleven notes secured by a deed of trust upon property owned by the maker of the notes. The property was sold and the holder of the notes sued to collect the deficiency. The court held that since the deed of trust was under seal, contained no acceleration clause, and included a covenant to pay the debt, an action would lie with respect to the notes which did not mature before the expiration of the ten year limitation period applicable to sealed instruments.

*Holcomb* must be read in light of the "whereas" clauses contained in the September 21, 1979, deed of trust under seal. The first "whereas" clause, on its face, is a mere acknowledgment. The second "whereas" clause simply expresses a "desire" of appellants to secure the note with property identi-

(12) percent per annum from the September 21, 1979 inception date of the loan, with the note becoming due no later than September 21, 1982."

5. This court is bound by *Hoffman. See M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971).

6. The court in *Hoffman* included a footnote reference to 2 Jones, Mortgages, 8th Ed.1928, § 837 with respect to the term "independent undertaking." At oral argument, appellee maintained that the reference to Jones does not support the court's conclusion. However, we read § 837 of Jones as stating that the clause in the mortgage documents "must contain a covenant or express promise to pay the indebtedness" and that "[a]n

admission or recital of indebtedness in a mortgage will not create a personal liability by implication, unless it be express and unequivocal." Section 837 at 140 and 141. Appellee apparently points to a single sentence in § 837 which states:

A recital that the mortgagor was indebted to the mortgagee in a certain sum, which should have been paid on January proceeding, was held to be a covenant to pay money, and that an *action of debt would lie for it.*

Section 837 at 142. However, the September 21, 1979, deed of trust contains no recital as to when the indebtedness "should have been paid." There is only a reference to a future date of payment.

fied in the deed of trust. The language in these two "whereas" clauses differs remarkably from that contained in the deed of trust at issue in *Holcomb*. That language consisted of an actual covenant which stated: "The said parties of the first part hereby waive the benefit of their homestead exemption as to the debt secured by this deed and bind themselves, their heirs or assigns, to pay off said debt promptly when it becomes due and payable." 37 S.E.2d at 764.

Our conclusion that the language in the September 21, 1979, deed of trust under seal is an acknowledgment and not a covenant is supported by the companion case to *Hoffman, Brice v. Walker,* 73 App.D.C. 377, 121 F.2d 864 (1941) *(per curiam ).* In *Brice* the court held a twelve year statute of limitations to be inapplicable to an action on a note secured by a deed of trust. There, the appellant made virtually the same argument as appellant makes here. In summarizing and rejecting that argument, the court stated:

> The parties agree that the question to be determined is whether the obligation is a simple debt or one under seal. If the action is based upon a simple debt, it is conceded that the statute has run. It is clear that an unsecured note is a simple debt and the action upon it must be brought within three years from maturity. It is also clear that a deed of trust is a sealed instrument and the period of limitation is twelve years. Plaintiff contends that the present indebtedness is evidenced and acknowledged by the deed of trust, an instrument under seal; that the note and the deed of trust, being parts of the same transaction, are to be considered as one instrument; and that the applicable period of limitation is twelve years. These contentions are not in accord with the law.

73 App.D.C. at 377, 121 F.2d at 865 (citing *Bank of Wildwood v. Kerl,* 138 Fla. 527, 189 So. 866 (1939) ("note secured by the mortgage . . . is barred by the five year statute of limitations, . . . as it is not under seal", 189 So. at 868)).

Courts have been reluctant to declare a document to be sealed in the absence of evidence that the parties intended it to be under seal. Even the appearance of the word "seal" and the impression of a corporate seal on a document has been held insufficient to create a sealed instrument. *See President and Directors of Georgetown College v. Madden,* 505 F.Supp. 557, 587, *aff'd* 660 F.2d 91, 96 (4th Cir.1981). Here there is no seal on the note or the extension document. Moreover, the record contains no evidence that the parties intended the note or the extension of the note to be a sealed instrument. Accordingly, we conclude that the action on the unsealed note in this case is governed by a three year statute of limitations. Appellee's action is barred by the statute of limitations and should have been dismissed.

The trial court's ruling is reversed with instructions to enter judgment for appellant.