## CIRCUIT COURT OF AMHERST COUNTY

Johnny M. Maddox,
Craig M. Maddox,
and Brandon C. Maddox

v.

Poplar Grove Associates, Inc.

May 21, 2009

Case No. CL08007178

By Judge J. Michael Gamble

I am writing this letter to give the decision of the court in this case. In this regard, I award to the plaintiffs judgment in the amount of $220,000 for unpaid monthly payments under the contract dated August 1, 2006. Further, I award to the plaintiffs $141,769.86 pursuant to the road maintenance agreement dated August 21, 2007. Thus, the total judgment in favor of the plaintiffs against the defendant is $361,769.86. This judgment will bear interest at the judgment rate until paid. The judgment interest will begin to run retroactive to February 1, 2009.

Under the contract dated August 1, 2006, the defendant was required to pay the plaintiffs the total sum of $22,000 per month commencing August 2008. This payment is divided between the plaintiffs pursuant to the contract.

The evidence at trial establishes that the plaintiffs have not received any of the monthly payments for the ten-month period from August 2008 through May 2009. Accordingly, the plaintiffs are entitled to judgment for the principal amount due.

The plaintiffs maintain that the court should accelerate the entire debt of $374,000 and grant judgment for the full amount due under the contract. This position, however, is not supported by law.

The agreement dated August 1, 2006, does not provide for acceleration in the event of a default under the contract. In the case of a mortgage, the Supreme Court of Virginia has held that there is not an acceleration of the entire debt pursuant to a default under the note unless the note provides for acceleration. *Holcomb v. Webley*, 185 Va. 150, 156-57, 37 S.E.2d 762, 765

(1946). The Supreme Court of Virginia in *Holcomb* went on to state that to accelerate a debt absent an acceleration provision is to write a new contract. *Id.*, 185 Va. at 157, 37 S.E.2d 762 at 765.

The same principle is applicable to the contract in this case. The court would rewrite the contract if it accelerated the payments due under the contract. Accordingly, the plaintiffs can only recover for the unpaid debt that has accrued to this date.

The plaintiffs also request the court to leave the case on the docket so that a judgment can be granted if there are future defaults under the agreement. This request is denied because no cause of action has accrued until there is another default under the contract. There is simply no cause of action until there is a default.

Next, the parties entered into a road maintenance agreement on August 21, 2007. This agreement provided, in part, that "Poplar Grove Associates, Inc., shall contribute 75% and Purchasers shall contribute 25% of the cost of the road costs." The plaintiffs presented evidence that they incurred $189,026.49 of road maintenance costs subsequent to the date of this contract and that they are to be reimbursed for 75% of this cost, being $141,769.86. The plaintiffs made demand for this amount from the defendant by a letter dated January 14, 2009, written by plaintiffs' counsel to counsel for the defendant. See Plaintiffs Exhibit B. There was no response to this letter by the defendant indicating that the defendant had incurred any expense until the date of trial when the defendant presented evidence that it had incurred a road cost of $178,190. The defendant maintains that its expenditure of $178,190 on "road costs" requires an adjustment of the amount due to the plaintiffs under the contract of August 21, 2007. As set forth in the calculation on Defendant's Exhibit 1, the defendant maintains that the defendant owes the plaintiffs $97,222 rather than $141,769.86.

All of the expenses of the plaintiffs were incurred subsequent to the contract of August 21, 2007, and all of the expenses of the defendant were incurred prior to the contract of August 21, 2007. There is no provision in the contract that indicates that the parties intended for the defendant to be reimbursed with pre-contract road costs. In fact, the contract provides that "[P]urchaser shall invoice Poplar Grove Associates, Inc., over a sixty-month period with equal payments, plus 8% annual interest, with a promissory note between the parties." This provision indicates that the parties intended that the purchasers, the plaintiffs in this case, would be the parties who perform the work and invoice the defendant. Accordingly, I find that the contract anticipates that the plaintiffs would perform the construction on the road and not the defendant. Had it been anticipated that the defendant would incur the construction costs, there would have been a similar provision for the defendant to invoice the plaintiffs.

Further, the actions of the parties establish that this was their interpretation of the contract. The defendant did not make any claim for road

costs until the date of trial. The plaintiffs, however, furnished the defendant with their invoice for road costs by letter from their attorney dated January 14, 2009. The defendant did not make any claim for expenses it incurred prior to the contract date at any time prior to the trial dale. Further, until the trial date, neither party treated the contract other than as a prospective contract from the date that it was entered into by the parties.

The plaintiffs invite the court to establish rules for reimbursement of maintenance costs and other matters. These are not presently issues before the court. Thus, I decline to take any action on these matters until there is an actual issue before the court.